JUDE G. GRAVOIS, Judge.
|2Plaintiff, Darrell Bourg,[1] sued defendants, Entergy Louisiana, L.L.C. and Essex Insurance Company, his homeowner’s insurer, for damages to his home allegedly caused by Entergy’s negligence when power was restored to the home following Hurricane Katrina. Plaintiff appeals the trial court’s grant of Entergy’s ex parte motion to dismiss plaintiff’s suit as abandoned, pursuant to La. C.C.P. art. 561. On appeal, plaintiff argues that he filed discovery responses within three years of the last activity on the record, which interrupted the abandonment period. He also argues that certain actions of defendants constituted a waiver of the abandonment period, and that the parties took several steps in the prosecution and defense of the suit before accrual of the abandonment period. For the following reasons, we find no merit to plaintiffs arguments and affirm the dismissal of his suit as abandoned.
| -PACTS AND PROCEDURAL HISTORY
In September 2006, plaintiff filed suit against Entergy and Essex for damages to his home allegedly caused by Entergy’s negligence when power was restored to the home following Hurricane Katrina. Over the course of the next two years, the parties filed various pleadings into the record of the case. On December 10, 2008, Essex filed a motion to reset its previously continued motion for summary judgment for a hearing. On that date, the trial court set Essex’s motion for a hearing on January 28, 2009. The hearing was continued without date, however, pursuant to a telephone request made to the trial court by counsel for Essex on January 27, 2009, as evidenced by a minute entry in the record dated January 28, 2009. No further activity occurs of record in the case until January 27, 2012, when plaintiff filed answers to Essex’s previously propounded requests for admissions, and a motion to set a status conference in the case, pursuant to La. C.C.P. art. 1551.
On February 13, 2012, Entergy filed an ex parte motion to dismiss the case on the grounds of abandonment, alleging that an examination of the record showed that the matter had been abandoned, inasmuch as the parties failed to take any step in the prosecution or defense of the case for a period in excess of three years, commencing with Essex’s filing of its motion to reset its motion for summary judgment for a hearing. Entergy attached an affidavit of its counsel to its motion to dismiss, who attested that no steps had been taken by any party in furtherance of this matter until plaintiffs January 27, 2012 filings, which was after the abandonment period had accrued.[2] The trial court signed an ex parte order of abandonment on February *48 14, 2012. On March 5, 2012, plaintiff moved for a devolutive appeal, which the trial court granted.

\ ¿ANALYSIS

La. C.C.P. art. 561 governs the abandonment of civil actions. It states, in pertinent part:
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,....
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1814, and shall execute a return pursuant to Article 1292.
(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriffs service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk’s mailing of the order of denial.
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit towards judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with | ¡¡the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784.
Article 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Id. at 785. Under this article, three years of litigation inactivity results in an inconclusive presumption of abandonment. Any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. Id. at 787. An ex parte judgment of dismissal may be rescinded by rule to vacate it upon a showing that a cause outside the record prevented accrual of the time period required for abandonment. Id. at 784.
*49 On appeal, plaintiff makes several arguments. First, he argues that his filings on January 27, 2012 were timely and prevented accrual of the abandonment period, because the last activity in the record occurred on January 27, 2009. This activity was defense counsel’s telephone call to the trial court to continue the hearing on Essex’s motion for summary judgment without date. Defendants argue on appeal that this activity does not qualify to prevent the accrual of abandonment because it was not a step to bring the suit to conclusion. We agree. Not every step on the record is deemed to be a step sufficient to hasten the suit to judgment, as required by Article 561. Continuing the hearing on a motion for summary judgment, without date, does not further the suit towards judgment, and thus does not qualify as a “step” to interrupt the accrual of the abandonment period. Hutchison v. Seariver Mar., Inc., 09-0410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 994, writ denied, 09-2216 (La.12/18/09), 23 So.3d 946. (A joint motion to continue without date or indefinitely is not considered a step in the prosecution of a |ficase, since by its very nature, an indefinite continuance is not intended to hasten the matter to judgment.)
Second, plaintiff argues that actions of defendants Essex and Entergy between December 20, 2008 and January 27, 2012 constituted a “waiver” of accrual of the abandonment period. Specifically, plaintiff argues that the parties were engaged in settlement negotiations, conversations among counsel, and discovery, which constituted a waiver of accrual of the abandonment period. Conduct or actions of the defendant which are inconsistent with the intent to treat a case as abandoned and which result in the waiver of the right to assert abandonment may occur either before or after the abandonment period has accrued and serves to recommence the abandonment period running anew. Hutchison v. Seariver Mar., Inc., Id. at 994.
However, generally, in cases where there are no formal steps on the record of the case, informal settlement negotiations are insufficient to constitute a step in the prosecution of a suit, Gravlee v. Gravlee, 11-509 (La.App. 3 Cir. 12/7/11), 79 So.3d 1169, 1174, citing Clark, supra, 785 So.2d at 791, and thus do not constitute a waiver of abandonment. In this case, plaintiff did not file a motion to set aside the ex parte judgment of abandonment, pursuant to Article 561(A)(4), wherein he could have presented evidence of activity outside of the record that might have been found to be sufficient to interrupt abandonment. Plaintiffs arguments in his appellate brief of settlement negotiations, conversations among counsel, or other activity outside of the record are not sufficient to challenge the ex parte judgment of dismissal on appeal.
Plaintiff argues that Essex propounded discovery to plaintiff within the relevant time period, as evidenced by plaintiffs filing discovery responses on January 27, 2012. However, plaintiffs filing omits mention of the date that Essex propounded this discovery to plaintiff. Entergy’s affidavit in support of its ex _J¿parte motion stated that the parties failed to take any steps in the prosecution of the case during the relevant time period, which is sufficient to support the ex parte motion. Because the alleged propounding of this discovery occurred outside of the formal record, it was incumbent upon plaintiff, not defendant, to come forward with evidence of when defendant propounded this discovery to plaintiff in order to defeat the presumption of abandonment. The filing of plaintiffs discovery responses, after the accrual of the abandonment *50 period, pursuant to discovery propounded by defendant on some unknown date, is not sufficient to defeat the presumption of abandonment. Again, plaintiff could have come forward with this evidence in a motion to set aside the ex parte judgment of abandonment, but did not do so.
Plaintiff can point to no actions of either defendant constituting a waiver following accrual of the abandonment period. The only pleading in the record following plaintiffs untimely filings of January 27, 2012 is Entergy’s ex parte motion to dismiss the case on grounds of abandonment, which is the assertion of its rights to the dismissal of the suit as abandoned, not a waiver thereof.

CONCLUSION

In conclusion, for the above-stated reasons, we affirm the trial court’s dismissal of plaintiffs suit as abandoned.

AFFIRMED

. The suit is captioned with two plaintiffs' names, Darren and Darrell Bourg. The record reflects that in 2007, Darren was dismissed as a plaintiff. Accordingly, this opinion will use the singular term "plaintiff.”

. Entergy's ex parte motion to dismiss the case on the grounds of abandonment and counsel’s affidavit attached thereto state that Essex's motion to reset its motion for summary judgment was filed on December 20, 2008. The record reflects, however, that Essex's motion to reset was actually filed on December 10, 2008.