SUSAN M. CHEHARDY, Chief Judge.
12Appellant, Bobbie Vaughan, appeals the 29th Judicial District Court’s denial of her motion to set aside dismissal due to abandonment. For the reasons that fol *237 low, we affirm the judgment of the trial court.[1]
On June 18, 2009, Ms. Vaughan filed a petition for damages based on injuries she sustained when she was struck by a tractor-trailer on June 26, 2008. Appellees, Swift Transportation Co., Ace American Insurance Co., and James K. Walker, answered the petition and initiated discovery, filing their last discovery requests, Notices of Records Only Depositions, on June 18, 2010. Thereafter, except for a motion to withdraw filed by Ms. Vaughan’s counsel on January 20, 2011, no other step was taken by either party until August 6, 2013, when appellees filed an Ex Parte Motion to Dismiss Due to Abandonment of Action, which the trial court granted, dismissing Ms. Vaughan’s action without prejudice. On September 11, 2013, Ms. Vaughan filed a letter with the trial court which the court construed as a motion to set aside the dismissal. On November 12, 2013, the trial |scourt denied Ms. Vaughan’s motion to set aside dismissal and dismissed her action with prejudice. Ms. Vaughan now appeals.[2]
Whether an action has been abandoned is a question of law and is therefore subject to de novo review on appeal. See Eweni v. Skate World, Inc., 12-0338 (La.App. 4 Cir. 7/18/12), 100 So.3d 862, 864, writ denied, 12-1869 (La.11/9/12), 100 So.3d 839. La. C.C.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. Abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. Giovingo v. Dunn, 11-781 (La.App. 5 Cir. 3/13/12), 90 So.3d 1098, 1101, writ denied, 12-0831 (La.5/25/12), 90 So.3d 418. To avoid abandonment, it is required (1) that a party take some “step” in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. Id. Taking an action “before the court,” so as to have taken a “step” in the prosecution or defense of a case, for purposes of abandonment statute, means that the step must appear in the court record. Id.
In the instant case, the record reflects that between June 18, 2010 and August 6, 2013, the only filing in the case was Ms. Vaughan’s counsel’s motion to withdraw on January 20, 2011. The question, then, is whether a motion to withdraw constitutes a step in the prosecution or defense of an action so as to interrupt the tolling of the three-year abandonment period. The jurisprudence holds that “motions to withdraw, enroll or substitute counsel are not considered formal steps in the prosecution as contemplated by La. C.C.P. art. 561.” London Livery, Ltd. v. Brinks, 08-0230 (La.App. 4 Cir. 12/10/08), 3 So.3d 13, 15. This is because “[s]uch motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment.” Patenostro v. Falgoust, 03-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 22, writ denied, 04-2524 (La.12/17/04), 888 So.2d 870.
In view of the foregoing, we find the January 20, 2011 motion to withdraw did *238 not serve to interrupt the tolling of the three-year abandonment period. Consequently, with no steps taken by either party in the prosecution or defense of the action for more than three years, Ms. Vaughan’s action was abandoned. Therefore, we conclude that the trial court did not err in granting appellees’ motion to dismiss and in denying Ms. Vaughan’s motion to set aside the dismissal. The judgment of the trial court is affirmed.

AFFIRMED

. This memorandum opinion is issued in compliance with Rule 2-16.1(B) of the Uniform Rules — Courts of Appeal.

. Pursuant to La. C.C.P. art. 561(A)(5), as clarified in Official Revision Comment 2003, the denial of a motion to set aside dismissal is an appealable judgment.