ROBERT M. MURPHY, Judge.
12Plaintiffs-appellants, Claiborne Medical Corporation (A Professional Corporation), and Dr. Fiaz Afzal (collectively, “Plaintiffs”), appeal the trial 'court’s judgment dismissing their legal malpractice suit against defendant-appellee, Ellen Mullins (“Mullins”), on the grounds of abandonment, and the judgment denying their subsequent motion to set aside the judgment of dismissal for abandonment. For the reasons that follow, we affirm the judgment denying Plaintiffs’ motion to set aside the judgment ■ of dismissal. We amend the judgment of dismissal as set forth herein, and affirm as amended.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On September 23, 2010, Plaintiffs filed a petition against Mullins alleging legal malpractice. On October 14,-2011, Plaintiffs filed a motion to compel Mullins to complete her deposition, which began , on March 23, 2011. Mullins, filed an opposition to Plaintiffs’ motion to compel, alleging that she had no objection to the completion of her deposition, but requested that she be allowed to take Dr. Afzal’s deposition immediately after her deposition concluded. The trial court set | ¡¿Plaintiffs’ motion to compel for hearing on November 10, 2011. The record does not contain an order related to Plaintiffs’ motion to compel, but instead, the November 10, 2011 minute entry provides that the motion was found to be “MOOT.” On November 21, 2011, counsel for Mullins filed into the record correspondence from counsel for Mullins to counsel for Plaintiffs regarding the scheduling of - depositions.
On January 7, 2015, Mullins filed an ex parte motion for an order of dismissal on the grounds of abandonment, asserting that the last step in the prosecution of the action occurred on January 6, 2012, the date of Mullins’ deposition. Because the parties failed to take a step in the prosecution of the action within three years of January 6, 2012, Mullins alleged that the case had abandoned as a matter of law .under- La. C.C.P. art. 561. The trial court signed. a judgment on January 7, 2015, granting Mullins’ motion for dismissal on the grounds of abandonment and dismissing Plaintiffs’ action with.prejudice;, Following that ruling, Plaintiffs propounded discovery requests upon Mullins on January 15, 2015, and subsequently filed those requests into , the record on January 30, 2015.
On February 11, 2015, Plaintiffs filed a motion to set aside the judgment of dismissal. In their motion, Plaintiffs alleged that on November 22, 2011, the trial court set the deposition of Dr. Afzal on January 31, 2012, with the parties’ concurrence. However, Plaintiffs alleged that on January 30, 2012, they agreed to postpone the January 31,2012 deposition of Dr. Afzal, at Mullins’, request. Plaintiffs argued, that “[t]he fact that plaintiffs technically took no action between January 6, 2012 and January 30, 2012 is of no moment,” because Plaintiffs’ January 30, 2012 agreement to Mullins’ request to postpone Dr. Afzal’s . deposition “clearly demonstrated no intent to abandon the action” until at least January 30, 2012. As a result, Plaintiffs contended that the discovery requests served upon RMullins on January 15, 2015 constituted a step in the prosecution of the case within three years, of January 30, 2012. Following a hearing on March 18, *219 2015, the trial court signed a judgment on that same day denying Plaintiffs’ motion to set aside- the judgment of dismissal. Plaintiffs’ appeal now follows.
LAW AND DISCUSSION
On appeal, Plaintiffs contend that the trial court- erred in dismissing their case on the grounds ■ of abandonment, and in denying their motion to set aside the judgment of dismissal for abandonment.
The controlling' statutory provision in this case is La. C.C.P.’art. 561. Article 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. The Louisiana Supreme Court has held that La. C.C.P. art. 561 imposes three requirements bn plaintiffs: (1) a party must take some “step” in .the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step, must be taken within three years of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784. A “step” in the prosecution or defense is defined as taking formal action before the court which is intended to hasten the matter to judgment, or the taking of a deposition with or without formal notice. Id. Under La. C.C.P. art. 561(B), “[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.”
Abandonment is self-executing; it occurs automatically upon toé passing of three years without a step being taken by either party, and it is effective without court order. Giovingo v. Dunn, 11-781 (La.App. 5 Cir. 3/13/12), 90 So.3d 1098, 1101, writ denied, 12-0831 (La.5/25/12), 90 So.3d 418. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. Clark, supra at 789.
 Whether an action has been abandoned is a question of law and is therefore, subject to de novo review on appeal. Vaughan v. Swift Transp. Co., 14-0208 (La.App. 5 Cir. 10/29/14), 164 So.3d 235, 237. The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark, supra at 785. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Id. at 786.
Abandonment is not a punitive concept; rather, it is a balancing concept. Abandonment balances two equally sound, competing policy considerations: on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger-, preserving stale claims from the normal extinguishing operation of prescription. Id. at 787 (citing Sanders v. Luke, 92 So.2d 156 (La.App. 1 Cir.1957)).
In this case, Plaintiffs allege that on November 22, 2011, the trial court, with the parties’ concurrence, set the depositions of Mullins and Dr. Afzal to be taken on January 6, 2012 and January 31, 2012, respectively.[1] , It is undisputed that *220 IhMuIIíiis’ deposition was taken as scheduled on January 6, 2012. It is also undisputed that-Dr. Afzal’s deposition was not taken as scheduled on January 31, 2012, nor was it ever rescheduled.
Despite the fact that Dr. Afzal’s deposition did not take place as scheduled on January 31, 2012, Plaintiffs contend they did not have the requisite intent to abandon their case until at least January 30, 2012 — -the date that Plaintiffs agreed to Mullins’ request to postpone Dr. Afzal’s January 31, 2012 deposition. Plaintiffs do not dispute the fact that they took no action between January 6, 2012 and January 30, 2012, but instead they argue that their inaction between those dates does not “evidence an intent to abandon the suit.” Accordingly, Plaintiffs allege that the trial court erred in dismissing their case as abandoned because their discovery requests propounded upon Mullins on January 15, 2015 constituted a step in the prosecution. of the.case within three years of January 30,. 2012. ..
In support of their argument, Plaintiffs rely heavily on La. DOT & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912 (La.12/6/11), 79 So.3d 978. In Oilfield Heavy Haulers, the Court found that the defendant’s letter to all parties scheduling a discovery conference pursuant to Rule 10.1 of the Louisiana District Court Rules, constituted a step in the prosecution or defense of an-action, for purposes of interrupting the abandonment period under La. C.C. art. 561. The Court in Oilfield Heavy Haulers noted that “[t]he intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff’s inaction •during the .three-year period has clearly demonstrated his abandonment of the case.” Id. at 982. -In reaching its conclusion, the Court noted that upon receiving the defendant’s letter scheduling the Rule 10.1 .discovery conference, the plaintiff contacted the defendant and complied with the defendant’s discovery requests. Id. |7at 986. As such, the Court emphasized that “[t]his is not a case where plaintiffs inaction evidences an intent to abandon the suit.” Id.
Based upon the' foregoing language of Oilfield Heavy Haulers, Plaintiffs seemingly argue that because they anticipated that Dr. Afzal’s deposition would be taken on January 31, 2012 as scheduled by the trial court in November of 2011,' the’ trial court erred in finding that the January 6, 2012 deposition of Mullins was the last step in the' prosecution of the action because Plaintiffs did nOt have the requisite intent to abandon théir suit until January 30, 2012 (the date Plaintiffs agreed to Mullins’ request to postpone Dr. Afzal’s d'epo- *221 sition). We find that Plaintiffs’ reliance on Oilfield Heavy Haulers is misplaced.
As set forth by the Court in Oilfield Heavy Haulers, we agree that “[t]he intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiffs inaction during the three-year period has clearly demonstrated his abandonment of the case.” Oilfield Heavy Haulers, supra at 982. However, we reject Plaintiffs’ argument that Oilfield Heavy Haulers provides that their subjective intent is controlling as to whether their case has abandoned under La. C.C.P. art. 561.
Under La. C.C.P. art. 561(A)(1), an action is deemed abandoned “when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” A “step” in the prosecution or defense is defined as taking formal action before the court which is intended to hasten the matter to judgment, or the taking of a deposition with or without formal notice. Clark, supra at 784. Here, Plaintiffs have failed to make any showing of any step taken in the prosecution or defense of the action within three years of the January 6, 2012 deposition of Mullins, instead, Plaintiffs simply maintain that they clearly had no intent to abandon their suit until at least January 80, 2012. We do not find that |8Plaintiffs’ agreement on January 30, 2012 to postpone Dr. Afzal’s deposition at ¡Mullins’ request constitutes a step in the prosecution of the action, .nor do we find that Plaintiffs’ admitted inaction between January 6, 2012 and January 30, 2012 somehow evidences an intent not to abandon their suit, for purposes of interrupting. abandonment under La. C.C.P. art. 561, . . . .
Accordingly, we find that the last step taken by the parties in this case was the January 6, 2012 deposition of Mullins. Because no action: was taken by the parties within three years of that date, we find that the action has abandoned pursuant to Article 561. Accordingly, we find that the trial court properly dismissed the matter on the grounds of abandonment, and that it properly denied Plaintiffs’ motion to set aside the judgment of dismissal.
However, as to the trial court’s January 7, 2015 judgment dismissing Plaintiffs’ action on the grounds of abandonment, we note that it dismissed Plaintiffs’ action “with 'prejudice,” -This Court, as well as other courts, has. found that, a dismissal on the grounds of abandonment is a dismissal “without prejudice.” D & S Builders, Inc. v. Mickey Constr. Co., 524 So.2d 245, 247 (La.App. 5 Cir.1988); La. Cent. Credit Union v. LeBlanc, 98-23 (La.App. 5 Cir. 05/13/98), 721 So.2d 921, 923; Argence, L.L.C. v. Box Opportunities, Inc., 11-1732 (La.App. 4 Cir. 05/23/12), 95 So.3d 539, 541; Paternostro v. Falgoust, 03-2214 (La.App. 1 Cir. 09/17/04), 897 So.2d 19, 24,, writ denied, 04-2524 (La.12/17/04), 888 So.2d 870. Accordingly, the trial court erred in dismissing Plaintiffs’ action with prejudice. We amend the judgment to delete the words “with prejudice” ánd to substitute' the words' “without'prejudice.”
^CONCLUSION
Based upon the designated record on appeal, and for the foregoing reasons, we affirm the judgment denying Plaintiffs’ motion to set aside the judgment of dismissal. Furthermore, we amend, the judgment of dismissal as set forth herein, and affirm as amended.

AMENDED: AFFIRMED AS AMENDED

, The record on appeal provides that in support of their motion to set aside the trial court’s judgment of dismissal for abandonment, Plaintiffs attached exhibits, including a copy of a letter from counsel for Plaintiffs to counsel for Mullins, dated November 22, *220 2011, confirming that on that same date, the trial court set depositions of Mullins and Dr. Afzal on January 6, 2012 and January 31, 2012, respectively. However, in designating the record on appeal, neither Plaintiffs nor Mullins requested that the transcript of the hearing of Plaintiffs’ motion to set aside the judgment of dismissal be included within the designated appellate record. As á result, we cannot determine whether the letter was admitted into evidence at the hearing, for purposes of considering it as evidence on- appeal. Nevertheless, even assuming that Plaintiffs’ exhibits were properly admitted into evidence, we find that the November 22, 2011 letter does nothing to further Plaintiffs’ argument that the trial court erred in finding that the last step in the prosecution of the action occurred on January 6, 2012. Because it is undisputed that a step was ‘taken on January 6, 2012 (Mullins’ deposition), Plaintiffs’ letter confirming that the trial court, with the parties’ concurrence,, selected dates for the depositions at issue before January 6, 2012 (specifically,- on November 22, 2011) does not establish that a step was taken within three years’of January 6, 2012, for purposes of interrupting abandonment under La. C.C.P. aft. 561.