CHAISSON, J.
I! Pamela A. Savoie appeals from a trial court ruling that denied her motion to set aside a judgment dismissing her action on the grounds of abandonment. For the reasons set forth herein, we affirm the judgment of the trial court.
PROCEDURAL HISTORY
On November 3, 2004, Ms. Savoie filed a petition for damages against Lamarque Ford, Inc., and Robert “Michael” Rolf (collectively hereinafter “Lamarque”), alleging employment discrimination.[1] Thereafter, on December 20, 2004, Lamarque filed an answer denying the allegations of discrimination contained therein and setting forth affirmative defenses. Over the course of the next few years, minimal documents were filed into the record.[2]
On May 9, 2012, Lamarque filed a motion for summary judgment, which was set for a hearing on July 27, 2012. On June 15, 2012, Lamarque filed a motion to continue the summary judgment hearing scheduled for July 27, 2012, due to its inability to serve Gregory Dupuy, who was Ms. Sa-voie’s counsel at the time. On June 26, 2012, the trial court signed an order granting Lamarque’s motion to continue the summary judgment hearing without date. The minute entry from July 27, 2012, which was not done in open court, reflects *1004 that the motion for summary judgment was continued without date. No further activity occurs of record in this case until June 4, 2015, when Ms. Savoie’s current counsel, Dayal Reddy, filed a motion to enroll as counsel of record. On June 10, 2015, the trial court granted this motion. Thereafter, on July 1, 2015, Ms. Savoie propounded discovery requests on Lam-arque.
On July 27, 2015, Lamarque filed an ex parte motion to dismiss the case on the grounds of abandonment pursuant to La. C.C.P. art. 561, alleging that the |2parties failed to take any step in the prosecution or defense of the case for a period in excess of three years. To this motion, Lamarque attached an affidavit of its attorney, Jennifer Kogos, who attested that “no actions which constitute a step in the prosecution or defense of this matter have been taken by any party since June 15, 2012 when Defendants filed a Motion to Continue Hearing on Defendants’ Motion for Summary Judgment Without Date.” In addition, Ms. Logos attached to her affidavit the district court’s docket sheet of this proceeding that confirms her statement that no actions which constitute a step in the prosecution or defense of the matter were taken by any party for a period of more than three years. On July 29, 2015, the trial court granted Lam-arque’s ex parte motion and ordered that “all claims made by Plaintiff in this matter are hereby dismissed in their entirety, with prejudice, as abandoned.”
On September 11, 2015, Ms. Savoie filed a motion to set aside order of dismissal on the basis that dismissal of this matter is an extreme sanction given the circumstances of the case and her clear intent to pursue the matter. In particular, Ms. Savoie maintained that her former attorney, Mr. Du-puy, died on June 24, 2015, and that her current attorney had to “re-establish nearly eleven years of litigation without the benefit of prior counsel.” Ms. Savoie asserted that the three-year prescriptive period for purposes of abandonment should begin on July 27, 2012, the date that the summary judgment was originally set for hearing, and that her new counsel was justified in relying on that date because the case file provided by her previous counsel did not indicate that the July 27, 2012 hearing was continued and never occurred. Ms. Savoie further pointed out that her current counsel’s actions in filing a motion to enroll and in propounding formal discovery upon counsel for Lamarque on July 1, 2015, prior to the July 27, 2015 prescriptive deadline and before counsel ever filed a motion to dismiss, showed counsel’s good 13faith reliance on the July 27, 2012 hearing as the effective date for abandonment purposes.
On October 16, 2015, the court conducted a hearing on Ms. Savoie’s motion to set aside the judgment of dismissal. After hearing arguments of counsel, the trial court denied Ms. Savoie’s motion, but amended the dismissal to provide that it was without prejudice. A written judgment was signed on October 20, 2015. Thereafter, Ms. Savoie filed a notice of intent to seek review of the district court’s denial of her motion to set aside judgment of dismissal without prejudice. This Court, on January 6, 2016, denied Ms. Savoie’s writ application finding that the denial of a motion to set aside a dismissal on the grounds of abandonment is an appealable judgment. This Court, however, reserved to Ms. Savoie the right to file a motion for appeal from the trial court’s October 20, 2015 ruling. Ms. Savoie timely filed a motion for appeal and now contends that the trial court abused its discretion in denying her motion to set aside the order of dismissal.
*1005 DISCUSSION
La. C.C.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period Of three years. This article imposes three requirements to avoid abandonment: (1) a party must take some “step” in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. A “step” is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. Louisiana Dept. of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-912 (La. 12/6/11), 79 So.3d 978, 981; Gambino v. Standard Fire Ins. Co., 12-474 (La.App. 5 Cir. 2/21/13), 110 So.3d 1127, 1130.
1 ¿Abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. Giovingo v. Dunn, 11-781 (La.App. 5 Cir. 3/13/12), 90 So.3d 1098, 1101, writ denied, 12-831 (La. 5/25/12), 90 So.3d 418. Once abandonment has occurred, action by the plaintiff cannot breathe new life into' the suit. Clark v. State Farm Mutual Auto. Ins. Co., 00-3010 (La. 5/15/01), 785 So.2d 779, 789.
The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in-fact clearly have been abandoned. Claiborne Medical Corp. v. ABC Ins. Co., 15-489 (La.App. 5 Cir. 1/27/16), 185 So.3d 216, 219, ivrit .denied, 16-374 (La. 4/15/16), 191 So.3d 1036. Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be allowed in favor of allowing the prosecution of the claim and against dismissal for abandonment. Louisiana Dept. of Transportation & Dev. v. Oilfield Heavy Haulers, L.L.C., 79 So.3d at 982.
With these general principles in mind, we now address Ms. Savoie’s arguments on appeal. Ms. Savoie asserts that the trial court used an incorrect date when calculating the applicable abandonment period. Specifically, she contends that July 27, 2012, the date of the scheduled hearing for Lamarque’s summary judgment motion, should be the operative date for determining whether she abandoned her claim, not May 9, 2012, the date Lamarque filed its summary judgment motion. Ms. Savoie points out that her current attorney was justified in relying on that date because the case file provided by her previous counsel did not indicate that the July 27, 2012 hearing was continued and never occurred. She further maintains that her current counsel’s actions in filing a motion to enroll and in propounding formal discovery upon counsel for Lamarque on July 1, 2015, prior to the July 27, 2015 prescriptive deadline and before defense counsel ever filed a | ^motion to dismiss, showed counsel’s good faith reliance on the July 27, 2012 hearing date as the effective date for abandonment purposes. Also, Ms. Sa-voie stresses that she has exhibited no intent to abandon her action and cites to well-established jurisprudence that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit, and that any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim. We are not persuaded by Ms. Savoie’s, arguments.
*1006 The record reflects that Ms. Savoie filed a petition for damages against Lamarque on November 3, 2004. Thereafter, she filed notices of oral depositions into the record in June and July of 2005, and a letter of request to issue deposition subpoena in April of 2009. No other documents were filed into the record until May 9, 2012, when Lamarque filed a motion for summary judgment. The matter was set for hearing on July 27, 2012. The record indicates that Lamarque attempted to serve Mr. Dupuy, Ms. Savoie’s former counsel, with notice of that hearing date, but was unsuccessful. Due to this inability to locate and serve Mr. Dupuy, Lamarque filed a motion to continue without date. On June 26, 2012, the district court granted that motion.
Louisiana courts have held that such motions to continue without date are not considered steps in the prosecution for abandonment purposes. In Bourg v. Entergy Louisiana, LLC, 12-829 (La.App. 5 Cir. 4/10/13), 115 So.3d 45, 49, writ denied, 13-1064 (La. 6/21/13), 118 So.3d 421, this Court found that continuing the hearing on a motion for summary judgment, without date, does not further the suit towards judgment and thus does not qualify as a “step” to interrupt the accrual of the abandonment period. See also Hutchison v. Seariver Maritime, Inc., 09-410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 994, writ denied, 09-2216 (La. 12/18/09), 23 So.3d 946. Therefore, the last step taken in the prosecution of this matter was the filing of the motion for summary judgment on May 9, 2012. For three years ^thereafter, Ms. Savoie failed to take any step in the prosecution of her claim. Consequently, with no steps taken by either party in the prosecution or defense of the action for more than three years from May 9, 2012, Ms. Savoie’s action is abandoned on the face of the record.
As mentioned by Ms. Savoie, her attorney filed a motion to enroll as counsel of record on June 4, 2015, and propounded interrogatories to Lamarque on July 1, 2015. We first note that motions to withdraw, enroll, or substitute counsel are not considered formal steps in the prosecution as contemplated by La. C.C.P. art. 561. Vaughan v. Swift Transp. Co., Inc., 14-208 (La.App. 5 Cir. 10/29/14), 164 So.3d 235, 237. Moreover, it is well settled that actions taken by a plaintiff after abandonment has accrued are without effect and cannot revive an abandoned action. Lewis v. Jones, 16-48 (La.App. 5 Cir. 5/26/16), 193 So.3d 546, 551. Thus, the actions taken by Ms. Savoie subsequent to the accruing of the three-year abandonment period fail to revive her claim.[3]
Because Ms. Savoie’s suit is abandoned on its face, the next inquiry is whether any of the exceptions to the abandonment rule apply as Ms. Savoie contends. In Clark v. State Farm Mutual Auto. Ins. Co., 785 So.2d at 784-85, the Louisiana Supreme Court explained that there are two jurisprudential exceptions that allow an ex parte dismissal to be rescinded upon a showing that a cause outside the record prevented accrual of the time period required for abandonment. These two exceptions are: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circum *1007 stances beyond the plaintiffs control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert ^^abandonment by taking actions inconsistent with an intent to treat the case as abandoned.
Despite Ms. Savoie’s argument to the contrary, we find that neither exception applies to the instant case. First, Ms. Sa-voie has pointed to no circumstances beyond her control that would have prevented her from prosecuting the case. This case began in 2004, and the record shows long periods of inactivity during the course of the twelve years. In her appellate brief, Ms. Savoie focuses on the fact that her new attorney was justified in relying on July 27, 2012, as the operative date for abandonment purposes based on the case file available to him. She notes that any notice or correspondence regarding dates or the filing of the motion to continue the summary judgment hearing was not conveyed to her by her previous attorney and further asserts that she believed the case was being properly pursued. These factors do not constitute circumstances beyond her control, as the docket sheet contained in the court record clearly showed that the motion for summary judgment scheduled for hearing on July 27,2012, was continued without date. Second, there is absolutely no indication in the record that Lamarque waived its right to assert abandonment.
In light of the foregoing, we find that the last action taken in the prosecution of the case was the filing of the motion for summary judgment that occurred on May 9, 2012. Thereafter, for a period of more than three years, no steps were taken by either party in the prosecution or defense of the action. Accordingly, we conclude that the trial court did not err in granting Lamarque’s motion to dismiss Ms. Savoie’s case as abandoned and in thereafter denying Ms. Savoie’s motion to set aside the order of dismissal. The judgment of the trial court is hereby affirmed.
AFFIRMED.

. Ms. Savoie also named "ABC Insurance Company” as a defendant; however, she neither identified nor named as a defendant an actual insurance company, and no insurance company appears in the record as the insurer of Lamarque.

. In June and July of 2005, Ms. Savoie’s attorney filed notices of oral depositions into the court record. Counsel for Lamarque filed a notice of return to permanent address on November 9, 2005, and a motion to substitute counsel of record on April 2, 2008.

. In her appellate brief, Ms. Savoie asserts that it is uncontroverted that she intended to prosecute the action, and therefore, her claim should not be dismissed as abandoned. In Claiborne Medical Corp. v. ABC Ins. Co., 185 So.3d at 221, this Court rejected the plaintiffs’ argument that their subjective intent was controlling as to whether their case had been abandoned under La, C.C.P, art. 561, noting that the plaintiffs failed to make any showing of any step taken in the prosecution or defense of the action for more than three years.