WICKER, J.
Defendants, John Borry and Kamie Hotard, appeal the summary judgment granted in favor of Plaintiff-bank on its Petition to Enforce Security Interest.[1] Defendants also seek review of an interlocutory judgment-the denial of a motion to dismiss on the ground of abandonment. For the following reasons, we find that the trial judge erred in denying Defendants' motion to dismiss on the ground of abandonment based upon the record before her and improperly considered evidence not in the record. We therefore reverse the trial court's denial of Defendants' motion to dismiss, grant Defendants' motion to dismiss, and dismiss Plaintiff's petition.
Factual and Procedural Background
On January 14, 2013, Plaintiff filed a "Petition to Enforce Security Interest" against Defendants in the Twenty-Fourth Judicial District Court, seeking to enforce a loan agreement and mortgage in the amount of $52,631.38. On March 5, 2013, Defendants answered the petition and filed a reconventional demand, asserting breach of contract claims related to Plaintiff's alleged failure to apply payments in a specific manner as provided for in the loan agreement and failure to release to Defendants certain insurance claim funds following Hurricane Gustav. Additionally, Defendants contended that Plaintiff violated the Fair Credit Reporting Act and improperly charged Defendants late fees for payments made but not applied properly to the loan balance. Plaintiff filed an "Answer and Affirmative Defenses" to Defendants' reconventional demand on August 8, 2013.
On October 14, 2016, Defendants filed an "Ex parte Motion to Dismiss Due to Abandonment,"
*577 contending that Plaintiff took no formal step in the prosecution of the litigation in more than three years and, thus, pursuant to La. C.C.P. art. 561, Plaintiff's suit was abandoned as a matter of law.[2] On November 4, 2016, the Honorable Tess Stromberg signed an ex parte judgment, denying the motion to dismiss. On the judgment, the trial judge included the hand-written language "Denied. [A]ction taken[.]"
Subsequently, on November 14, 2016, Plaintiff filed a motion to compel discovery allegedly propounded upon Defendants on June 2, 2016, in connection with Defendants' reconventional demand.[3] Following a hearing, the trial judge issued a judgment compelling Defendants, who appeared pro se throughout the proceedings, to respond to discovery within thirty days of the January 23, 2017 hearing date. Notice of the written judgment, dated February 9, 2017, was issued on February 15, 2017-seven days prior to the discovery due date. The written February 9, 2017 judgment compelling discovery responses did not articulate the penalty for Defendants' failure to comply with the order.
On February 23, 2017, Plaintiff filed a "Motion to Dismiss for Failure to Comply with Discovery Order," which the trial court set for hearing. Defendants filed an opposition to Plaintiff's motion to dismiss, challenging Plaintiff's standing to bring suit against Defendants, and a motion for sanctions against Plaintiff's counsel, contending that counsel engaged in ex parte communication with the trial judge concerning Defendants' "Motion to Dismiss Due to Abandonment."[4] On February 24, 2017, Defendants filed a motion for extension of time to respond to discovery, which the trial court also set to be heard on the same date as Plaintiff's motion to dismiss.
Defendants subsequently filed a motion to recuse Judge Stromberg, which she denied on March 23, 2017. However, on the same date, Judge Stromberg issued a separate judgment recusing herself from the litigation to "eliminate the appearance of partiality." The matter was reallotted to the Honorable Jesse LeBlanc.
On May 8, 2017, following a hearing, the trial judge granted Plaintiff's "Motion to Dismiss for Failure to Comply with Discovery Order," dismissing Defendants' reconventional demand, with prejudice, for failure to comply with the court's February 9, 2017 order. In the same judgment, the trial judge denied Defendants' pro se motion for extension of time to respond to *578 the discovery requests and motion for sanctions against Plaintiff's counsel.[5]
On September 18, 2017, Plaintiff filed a motion for summary judgment on its principal demand, attaching various exhibits including a copy of the loan agreement, mortgage, assignment of mortgage, as well as various affidavits attesting that the original note had been lost or destroyed and that Plaintiff had complied with the publication or notice requirements set forth in La. R.S. 13:341.[6] Following a hearing on the motion for summary judgment, the trial judge granted summary judgment in favor of Plaintiff.[7]
Defendants have appealed, assigning errors related to the trial court's granting of summary judgment on Plaintiff's principal demand as well as the November 4, 2017 denial of their "Motion to Dismiss Due to Abandonment."
Jurisdictional Issue
Plaintiff argues on appeal that this Court lacks jurisdiction to consider the trial court's denial of Defendants' "Motion to Dismiss Due to Abandonment." Plaintiff contends that the denial of a motion to dismiss on the ground of abandonment is a final, appealable judgment under La. C.C.P. art. 561(A), which provides that an action is abandoned when the parties fail to take any step in the prosecution or defense in the trial court for a period of three years. The Article further provides:
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the *579 order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.
(Emphasis added).
Plaintiff urges this Court to find that La. C.C.P. art. 561(A)(5) instructs that the denial of a motion to dismiss on the ground of abandonment is a final, appealable judgment and that Defendants in order to obtain review of the judgment, must have appealed the judgment at the time it was rendered. However, as discussed below, we find that the denial of a motion to dismiss on the ground of abandonment is an interlocutory judgment and, thus, this Court retains jurisdiction to review the judgment.
To support its argument that the denial of a motion to dismiss on the ground of abandonment is a final, appealable judgment, Plaintiff points to the isolated language in La. C.C.P. art. 561 (A)(5), which states, "[a]n appeal of an order of denial may be taken only within sixty days...." However, the comments to La. C.C.P. art. 561 clearly indicate that the "order of denial" referenced in that section is the denial of a motion to set aside a judgment of dismissal, not the denial of a motion to dismiss. The comments to the article specifically provide that, "[a]n appeal may be taken either following a formal order of dismissal, or following an order denying a timely motion to set aside the dismissal ."(emphasis added.) The comments to the article clearly reflect the intent of the legislature that the denial of a motion to set aside a judgment of dismissal-which results in the continued termination of the litigation-is a final, appealable judgment. However, the denial of a motion to dismiss, which maintains the suit, is an interlocutory judgment.
Louisiana appellate courts have found that the denial of a motion to dismiss on grounds of abandonment is an interlocutory judgment and that, generally, an interlocutory judgment is reviewable in connection with an unrestricted appeal. See Bezou v. Bezou , 15-1879 (La. App. 1 Cir. 9/16/16), 203 So.3d 488, 493 (the denial of a motion to dismiss for abandonment is interlocutory in nature and generally not appealable; however, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment appealed); Sterling Doucette & Doucette & Associated Contractors, Inc. v. Guient , 15-1346 (La. App. 4 Cir. 12/29/16), 208 So.3d 444, 449 (similarly, the granting of a motion to set aside a judgment of dismissal, which maintains the litigation, is an interlocutory judgment)[8] ; see also La. C.C.P. arts. 1841 and 2083 ; Sporl v. Sporl , 00-1321 (La. App. 5 Cir. 5/30/01), 788 So.2d 682, 684 ; Landry v. Leonard J. Chabert Med. Ctr. , 02-1559 (La. App. 1 Cir. 5/14/03), 858 So.2d 454, 461 n.4, writs denied , 03-1748, 03-1752 (La. 10/17/03), 855 So.2d 761.
Accordingly, we find that this Court has jurisdiction to consider Defendants' assignment of error seeking review of the interlocutory judgment denying their motion to dismiss on the ground of abandonment. Because we find this assignment of error has merit, we pretermit discussion of the *580 remaining assignments of error related to the granting of summary judgment.
Discussion
On appeal, Defendants seek review of the denial of their motion to dismiss on the ground of abandonment. The controlling statutory provision in this case is La. C.C.P. art. 561. Article 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. Claiborne Med. Corp. v. ABC Ins. Co. , 15-489 (La. App. 5 Cir. 1/27/16), 185 So.3d 216, 219.
La. C.C.P. art. 561(A)(3) further provides that, "on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment." An ex parte judgment of dismissal may be rescinded by rule to vacate the judgment upon a showing that a cause outside the record prevented accrual of the time period required for abandonment. Bourg v. Entergy La., LLC , 12-829 (La. App. 5 Cir. 4/10/13), 115 So.3d 45. Whether an action has been abandoned is a question of law and is therefore subject to de novo review on appeal. Claiborne, supra ; Vaughan v. Swift Transp. Co. , 14-0208 (La. App. 5 Cir. 10/29/14), 164 So.3d 235, 237.
The record reflects that Plaintiff filed its "Petition to Enforce Security Interest" against Defendants on January 1, 2013. On March 5, 2013, Defendants answered the petition and filed a reconventional demand. Plaintiff filed an "Answer and Affirmative Defenses" to Defendants' reconventional demand on August 8, 2013. On October 14, 2016, more than three years from Plaintiff's August 8, 2013 Answer, Defendants filed an "Ex parte Motion to Dismiss Due to Abandonment." The trial judge, however, did not grant the motion but, rather, issued an ex parte judgment denying the motion with the handwritten language, "action taken" on the judgment.
Our review of the contents of this record as of October 14, 2016, when Defendants filed their motion to dismiss, and further as of November 4, 2016, when Judge Stromberg denied the motion to dismiss, reveals no evidence of action taken at any time between August 8, 2013, and November 4, 2016. Therefore, based upon the record before us, it appears that the trial judge considered evidence not properly before her and not then in the trial court record in rendering her judgment denying the motion to dismiss. Under La. C.C.P. art. 561, the trial judge was required to grant Defendants' ex parte motion to dismiss based upon the record before her and erred in denying the motion. Plaintiff could have subsequently filed a motion to set aside the dismissal, pursuant to the statutory procedure set forth in La. C.C.P. art. 561(4), and requested a contradictory hearing to prove that documents outside of the record demonstrated that the parties took a "step" in the prosecution or defense of the litigation sufficient to interrupt the abandonment period.
Therefore, for the reasons stated above, we find the trial judge erred in denying Defendants' motion to dismiss on the ground of abandonment. Accordingly, we reverse the trial court's November 4, 2017 judgment, grant Defendants' motion to dismiss, and dismiss Plaintiff's petition. Consequently, all judgments rendered subsequent to the November 4, 2017 denial of Defendants' motion to dismiss are hereby vacated and without effect.[9]
JUDGMENT REVERSED; JUDGMENT RENDERED; PETITION DISMISSED
CONCURS IN PART AND DISSENTS IN PART WITH REASONS
CONCURS IN PART AND DISSENTS IN PART FOR THE REASONS ASSIGNED BY JUDGE LILJEBERG
LILJEBERG, J., CONCURS IN PART AND DISSENTS IN PART
*581 I concur with the majority's finding that the November 4, 2016 denial of defendants' ex parte motion to dismiss on the ground of abandonment was an interlocutory ruling. Defendants' request for review of this ruling as part of their appeal of the November 29, 2017 final judgment is timely and properly before this Court.
I, however, dissent from the majority's decision to reverse the trial court's denial of defendant's ex parte motion to dismiss for abandonment and grant the motion to dismiss the Petition to Enforce Security Interest originally filed by plaintiff, Household Finance Corp. II ("Household"). On de novo review, the majority finds that pursuant to La. C.C.P. art. 561, the trial judge was required to grant the ex parte motion to dismiss and erred in denying the motion. La. C.C.P. art. 561(A)(3) explains that a trial court shall enter an order of dismissal for abandonment when a party or interested person files an ex parte motion with an affidavit affirming that no timely step has been taken in the prosecution or defense of the action:
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action , the trial court shall enter a formal order of dismissal as of the date of abandonment. [Emphasis added.]
In Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La. 5/15/01), 785 So.2d 779, 783, fn. 3, the Supreme Court noted that La. C.C.P. art. 561 uses the broad term "action" so as to encompass not only principal, but also incidental and reconventional demands. See also Young v. Laborde , 576 So.2d 551, 552 (La. App. 4th Cir. 1991) (when defendant actively prosecutes his reconventional demand plaintiff's failure to prosecute principal demand does not result in an abandonment); Weldon v. Weldon , 98-1173 (La. App. 3 Cir. 2/3/99), 737 So.2d 812, 816.
In their affidavit supporting their ex parte motion to dismiss, defendants failed to affirm that no party had taken a timely step in the prosecution or defense of the "action." Instead, defendants limited their statements to steps taken with respect to the plaintiff's principal demand and discovery conducted prior to March 5, 2016. The relevant portions of defendants' supporting affidavit provided as follows:
2. Defendants have not filed any other motion or taken any action before this Honorable Court after March 5, 2013, that pertains to Plaintiff's principal complaint.[10]
3. Defendants have neither conducted any discovery with Plaintiff, nor received any discovery requests from Plaintiff, within the three years since March 5, 2013. Defendant's most recent action with regard to Plaintiff's complaint took place on March 5, 2013.
*582 Plaintiff has not taken any timely action at all that is known to Defendants related to its complaint after the complaint was originally filed.
4. The above affirmations bear out the fact that neither party in this action has taken any action relating to the prosecution or defense of the principal action since March 5, 2013, and more than three years has now passed since that date.
Upon its review of the record, the trial court would have determined just as the majority opinion finds, that the last step taken by either party in 2013 was August 8, 2013, not March 5, 2013, as stated in defendants' affidavit.[11] Furthermore, the trial court would have noticed that while the affidavit affirms that no steps were taken in the prosecution or defense of the principal action, it is silent as to any steps taken in the prosecution or defense of defendants' reconventional demand or the entirety of the action. The trial court would have seen from its review of the record that on April 8, 2013, defendants filed a motion for preliminary default on their reconventional demand and on August 9, 2013, Household filed an answer and affirmative defenses in response to the reconventional demand. Consequently, with respect to discovery, the affidavit should have affirmed whether any formal discovery occurred within three years after August 8, 2013, not March 5, 2013.[12] I believe it is improper for this Court on de novo review, to grant an ex parte motion to dismiss for abandonment based on a deficient supporting affidavit.
In Wilson v. Koenig , 99-2979 (La. App 1 Cir. 3/31/00), 764 So.2d 1025, the First Circuit held that the trial court's grant of an ex parte motion to dismiss for abandonment was improper because the defendant failed to file the affidavit required by La. C.C.P. art. 561. See also Payton v. Lake Lawn Park, Inc. , 15-274 (La. App. 4 Cir. 11/10/15), 179 So.3d 809, 812 (trial court erred by signing order of dismissal for abandonment in the absence of the statutorily required affidavit). In Lion InvestBanc Corp. v. River Products, Inc. , 02-481 c/w 02-482 c/w 02-483 (La. App. 5 Cir. 10/29/02), 831 So.2d 500, 501-02, writ denied , 02-2905 (La. 3/14/03), 839 So.2d 36, this Court found that the failure to provide an affidavit with the motion did not require the reversal of a judgment granting an order of dismissal for abandonment. However, this case is distinguishable because defendants subsequently submitted the required affidavits and this Court further noted that the trial court held a contradictory hearing during which the plaintiff had the opportunity to present evidence to establish the matter was not abandoned, which negated the need for reversal.
In the present matter, defendants did not submit a corrected affidavit and the trial court did not conduct a contradictory hearing on defendants' ex parte motion to dismiss.[13] The trial court had a deficient *583 affidavit, which did not comply with La. C.C.P. art. 561(3) because it did not affirm for the trial court that no step had "been timely taken in the prosecution or defense of the action." I believe this situation is similar to the Wilson and Payton cases where defendants failed to submit the required affidavit. Consequently, I believe the trial court did not err by denying defendants' ex parte motion to dismiss for abandonment because the affidavit provided by defendants did not comply with La. C.C.P. art. 561(3) and was not sufficient to support a judgment granting an order of dismissal for abandonment. The trial court was not required to grant the ex parte motion to dismiss and I believe it is not proper for this Court to enter an order of dismissal for abandonment based on defendants' deficient affidavit.
I further disagree with the majority's decision to limit its de novo review of the record to filings between August 8, 2013 and November 4, 2016, when the trial court denied defendants' motion to dismiss. A de novo review of the entire subsequently developed record before this Court reveals that it contains a judicial admission by defendants that Household sent discovery requests to them on June 2, 2016.[14] It appears defendants intentionally crafted the statements contained in their affidavit supporting their ex parte motion to dismiss for abandonment to avoid disclosing the June 2, 2016 discovery requests to the trial court. In fact, the record indicates that at the time defendants filed their ex parte motion, they were engaged in discussions with plaintiff's counsel regarding their failure to respond to the discovery requests.
In their appellate brief, defendants attempt to imply that the June 2, 2016 discovery requests did not qualify as a step in the prosecution of the matter because they did not pertain to the principal demand and only addressed the reconventional demand filed by defendants on March 5, 2013. As noted above in Clark , supra , the Louisiana Supreme Court confirmed that a step taken with respect to any principal or incidental demand constitutes a step as to the entire action. Therefore, defendants' implication is unsupported.
Furthermore, though they do not raise the issue on appeal, in the underlying proceedings, defendants suggested the discovery requests sent to them by Household should not count as a step because Household assigned their promissory note to U.S. Bank in December 2013, and therefore, Household did not have standing to act a party in the proceedings after that date. I would find this argument to be without merit based on La. C.C.P. art. 807, which permits a party who transfers its interests in the subject matter of the litigation to retain its status as a party until the court provides for the substitution of the party.[15] See also Seale v. Abadie , 99-771 (La. App. 5 Cir 1/12/00), 752 So.2d 971. Certainly, if La. C.C.P. art. 807 permitted Household to remain as a party in the proceedings after it transferred its interests in defendants' promissory notes, any actions it took in furtherance of the prosecution *584 or defense of the matter would constitute a step.
Therefore, in addition to finding the trial court was not required to grant the ex parte motion to dismiss, I believe that based on defendants' judicial admission, this Court can conclude this matter was never abandoned. Even if defendants submitted a sufficient affidavit to support their ex parte motion to dismiss, I do not believe it is in the interests of justice or judicial economy to limit our review of the record before us, ignore defendants' subsequent judicial admission, and require the parties to relitigate the abandonment issues in this matter, particularly since defendants failed to provide full disclosures to the trial court regarding all steps taken in the proceedings. Based on the foregoing, I believe this Court should proceed with a review of defendants' remaining assignments of error related to the granting of plaintiff's motion for summary judgment.
WINDHORST J., CONCURS IN PART AND DISSENTS IN PART FOR THE REASONS ASSIGNED BY JUDGE LILJEBERG

The record reflects that Household Finance Corp. II filed a "Petition to Enforce Security Interest" against Defendants but subsequently assigned the note and mortgage at issue in this litigation to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust (U.S. Bank). The record reflects that U.S. Bank was substituted as party-plaintiff on October 26, 2017.

Defendants attached a memorandum in support of their motion as well as an affidavit, signed by Defendants, attesting that "Defendants most recent action with regard to Plaintiff's complaint took place on March 5, 2013. Plaintiff has not taken any action at all that is known to Defendants related to its complaint after the complaint was originally filed.... The above affirmations bear out the fact that neither party in this action has taken any action relating to the prosecution or defense of the principal action since March 5, 2013, and more than three years has passed since that date."

The transcript from the hearing on the motion to compel is not contained in the appellate record.

In their opposition, Defendants contended that Plaintiff did not have standing to enforce the note at issue because it is impossible to determine who holds the note. Defendants point out the confusion concerning the holder of the note, contending ambiguously that a second suit was filed and later dismissed arising out of the same note. Defendants also filed a motion for sanctions against Plaintiff's counsel, alleging that she participated in ex parte communication with the trial judge after the filing of Defendants' motion to dismiss due to abandonment.

The transcript from the May 8, 2017 hearing is not included in the appellate record.

The affidavit of Alyssa Sylvers, an employee of Caliber Home Loans, Inc.-purportedly U.S. Bank's "attorney in fact"-was attached to the motion for summary judgment, as well as the 2012 affidavit of Jeffrey Korpecki, a Household Financial Corp. II Vice-President, who attested that the original note had been lost or destroyed. Additionally, Plaintiff attached the affidavit of Cynthia Rouyea, an employee of the News Examiner-Enterprise, a newspaper in St. James Parish, attesting that notice of the lost promissory note was published in the local newspaper on August 3, 2017. In support of its motion for summary judgment, Plaintiff contended that publication was completed within a "reasonable time" as required under La. R.S. 13:341.

The November 29, 2017 judgment recognized the mortgage at issue as enforceable, with preference and priority, and issued judgment in favor of Plaintiff as follows: the amount of $44,044.60, with interest thereon at 10.55% per annum from June 28, 2011 until paid; the following amount accrued through July 28, 2017: advances of $3,602.29 for the payment of taxes and insurances, broker's price of $118.50, property inspections of $642.50, and any such additional amounts accruing thereafter through the date of sale; a credit of $625.41; all expenses incurred in enforcing the note and mortgage including reasonable attorney fees as provided by the note and mortgage; and all law charges, costs, fees, and expenses including sheriff's commission.

We recognize that the Fourth Circuit has held that a party's failure to seek supervisory review of an interlocutory judgment related to abandonment constituted a waiver of the party's right to raise the issue of abandonment on appeal. See Sterling, supra . Because we are unable to find any statutory basis to hold that these pro se Defendants waived their right to seek review of an interlocutory judgment in this unrestricted appeal, we disagree with the Fourth Circuit's holding in Sterling, supra .

Plaintiff may follow the procedure set forth in La. C.C.P. art. 561 by filing, in the trial court, a motion to set aside the dismissal.

This statement is not accurate even as to steps taken with respect to plaintiff's petition as defendants filed a motion and order to dismiss plaintiff's petition on April 8, 2013.

In their appellate brief, defendants now agree that the last step taken in 2013 was the plaintiff's answer to their reconventional demand filed on August 8, 2013.

La. C.C.P. art. 561(B) provides that "[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action." Formal discovery actions do not have to appear in the record to constitute a step. Clark , 785 So.2d at 784.

The record indicates that the trial court's staff may have engaged in separate communications with both plaintiff's counsel and defendants regarding defendants' ex parte motion to dismiss. I understand that defendants' supporting affidavit would have raised questions and red flags for the trial court. However, the appropriate remedy would have been to set the motion for a contradictory hearing.

In their motion for sanctions filed against plaintiff's counsel, defendants state that "[o]n June 2, 2016, Household Finance Corp, II, hereinafter known as "HFC", through counsel, sent discovery requests("Discovery') to defendants."

La. C.C.P. art. 807 provides that "[w]hen a party to an action transfers an interest in the subject matter thereof, the action shall be continued by or against such party, unless the court directs that the transferee be substituted for or joined with the transferor."