397 So.2d 38 (1981)
Nick PUTCH, Plaintiff-Appellee,
v.
James P. STRAUGHAN et al., Defendants-Appellants.
No. 14484.
Court of Appeal of Louisiana, Second Circuit.
March 23, 1981.
Rehearing Denied May 1, 1981.
Writ Denied June 12, 1981.
*39 Gamm, Greenberg & Kaplan by Irving M. Greenberg, Shreveport, for defendants-appellants.
Sockrider & Bolin by James E. Bolin, Jr., Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied May 1, 1981.
FRED W. JONES, Jr., Judge.
On February 13, 1968 plaintiff sued defendants on a mortgage note and also asked for a money judgment on various other alleged obligations. The case was tried on the merits on March 3, 1970 and "continued for argument." On April 16, 1979 the defendants filed a motion to dismiss for want of prosecution under La. C.C.P. Art. 561.[1]
This motion was overruled[2] and, subsequently, judgment was rendered in favor of plaintiff on the merits.
Defendants appeal, including among their specifications of error the failure of the trial judge to sustain the motion to dismiss the suit for lack of prosecution.
We reverse.
La. C.C.P. Art. 1637 provides that "after the trial is completed, the court may immediately pronounce judgment or take the case under advisement." La. R.S. 13:4207 requires that judges decide all cases taken under advisement within thirty days from the time that they are submitted for decision.
It is well established under our jurisprudence that where a case has been submitted for decision the law relative to abandonment of actions for failure to take a step in the prosecution for five years is inapplicable. Bryant v. The Travelers Ins. Co., 288 So.2d 606 (La.1974); Barton v. Burbank, 138 La. 997, 71 So. 134 (1916); Washington v. Harvey, 124 So.2d 240 (La.App.2d Cir. 1960). Furthermore, when briefs are ordered the case is "considered fully submitted on the day following the day of the latest timely filing of a brief or, at the latest, the day following the last day for filing of briefs."[3]
The critical question in this case is whether on March 3, 1970, or within five years thereafter, the matter was deemed submitted to a trial judge for decision.
According to the trial transcript, after the defendants completed the presentation of their evidence the trial judge announced: "Let the case be continued for argument." (Emphasis added) The minute entry of the trial court for March 3, 1970 pertaining to *40 this case recites: "Trial resumed, evidence further adduced, closed and case continued for argument." (Emphasis added)
In Barton v. Burbank, supra, the court found that plaintiffs, having submitted their case to the judge, should not be held responsible for his delay in the discharge of his duty, pointing out:
"... the idea of the statute being merely to hold a plaintiff responsible for delay attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment."
In our case it seems obvious that the matter was not submitted to the trial judge for decision on March 3, 1970. After the court's statement that the case was being continued for argument, it was plaintiff's responsibility to request that the trial judge fix a date for that argument. Failing to take that step in the prosecution for a period of five years after March 3, 1970, plaintiff is deemed to have abandoned his action under the provisions of Article 561 which are "operative without formal order."
The trial judge's reliance upon Section 2 of the Administrative Rules of the Louisiana Supreme Court is misplaced. Even if this rule, which deals in pertinent part with submission of cases for decision when briefs are ordered, applies to matters continued for oral argument, it did not become effective until January 1, 1977, after plaintiff abandoned his suit by permitting five years to elapse without taking a step in its prosecution.
We note, parenthetically, that after the trial judge ruled that the case had been submitted for decision, a minute entry of the trial court pertaining to this case, dated September 17, 1979, recites: "The Court ordered the case submitted on the merits on brief to be filed by Defendant in 10 days." (Emphasis added) A later minute entry, dated February 4, 1980, states: "By agreement, case on the merits submitted on briefs already filed." (Emphasis added) It appears that these later actions of the trial judge contradict his earlier finding that the case had been submitted prior to filing of the motion to dismiss for lack of prosecution.
To summarize, we find that this case was not submitted for decision on March 3, 1970, or within five years thereafter; that according to the record plaintiff took no step in the prosecution of his action for a period of five years; and that plaintiff's case was automatically abandoned under Article 561 when he permitted that five year period to elapse. Having decided the appeal on this basis, we pretermit consideration of appellant's other assignments of error.
For these reasons, we conclude that the trial judge erred in overruling defendants' motion to dismiss the case for lack of prosecution. Therefore, the judgment of the trial court is reversed and there is judgment dismissing plaintiff-appellee's suit for failure to take a step in its prosecution for a period of five years. Appellee is cast for all costs, both at trial and on appeal.
NOTES
[1] This article reads in pertinent part: "An action is abandoned when the parties failed to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment."
[2] The district judge who overruled the motion was not the same judge who presided over the trial of the case on the merits, nor did the attorneys who represent plaintiff on appeal represent him at the trial on the merits.
[3] See Louisiana Supreme Court General Administrative Rules, Sec. 2(a) (applicable to La. R.S. 13:4207), which became effective January 1, 1977.