# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-335**

**BROOKS TAYLOR**

**VERSUS**

**DASH EQUIPMENT & SUPPLIES, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 71590
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Candyce G. Perret, Judges.

**REVERSED AND REMANDED.**

**Robert M. Francez**
**Voorhies & Labbe**
**700 St. John Street, 5th Floor**
**Lafayette, LA 70501**
**(337) 232-9700**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Brooks Taylor**

**Adam G. Young**
**Meade Young, LLC**
**556 Jefferson Street, Suite 200**
**Lafayette, LA 70501**
**(337) 534-0200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **David Duplechin**

**PERRET, Judge.**

This is an appeal by plaintiff, Brooks Taylor (Mr. Taylor), of an order dismissing his claims against defendant, David Duplechin (Mr. Duplechin), on grounds of abandonment. For the following reasons, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY:**

On August 9, 2006, Mr. Taylor loaned Dash Equipment & Supplies, Inc. (Dash) and Mr. Duplechin (hereinafter collectively "Defendants") $18,000.00 dollars with the promissory note providing, in relevant part:

> FOR VALUE RECEIVED, the undersigned promises to pay, at the earlier of November 9, 2006 or when Ace Machine, Inc. pays for services currently being rendered by Dash . . . to Brooks Taylor the sum of EIGHTEEN THOUSAND AND N0/100 ($18,000.00) DOLLARS, plus an additional sum of Nine Thousand and No/100ths ($9,000.00) as interest.

> Both principal and interest shall be payable . . . to Brooks Taylor . . . .

> In case this note should be placed in the hands of attorneys-at-law for the filing of foreclosure proceedings, to protect the rights of the holder hereof or to enforce any of the agreements contained in this note or in the act of mortgage with which this note is identified, the undersigned herein and hereby agrees to pay the reasonable fees of the attorneys-at-law who may be employed for such purposes.

Following a meeting on October 10, 2006, Defendants signed a document noting that they were unable to pay the promissory note and agreed to extend the August 9, 2006 contract for thirty days. This October 10th agreement also stated that "THE CONTRACT WILL BE ACCESSED [sic] A FEE OF $100.00 PER DAY OR UNTIL PAID. SCHEDULE EXPIRATION IS NOVEMBER 9, 2006."

On January 24, 2007, Mr. Taylor filed suit against Defendants on the promissory note seeking the principal balance owed, interest, and a $100 per day fee. On February 5, 2010, Mr. Taylor filed a Motion and Order for Summary Judgment alleging that there are no genuine issues of material fact and that

Defendants owe him $18,000.00 dollars, "together with interest of $9,000.00 plus legal interest from the date of the judicial demand, until paid, plus an assessment fee of $100.00 per day from October 10, 2006, until paid, for reasonable attorney's fees to be set by this court, and . . . costs of these proceedings . . . ."

On April 11, 2013, after a hearing, the trial court granted a partial summary judgment in favor of Mr. Taylor for the principal amount of the note plus interests and all costs of the proceedings to date. The trial court denied the rest of Mr. Taylor's motion for summary judgment reserving the issues of the $100.00 assessment fee per day and attorney's fees for a trial on the merits, which was scheduled for September 4, 2013. Thereafter, the trial court granted Mr. Taylor's Unopposed Motion and Order to Continue and Reset Trial Date to December 11, 2013.

On December 2, 2013, Defendants filed a Motion for Summary Judgment alleging that no additional fees are owed under either the August 9, 2006 promissory note or the October 10, 2006 agreement extending the note. Although Mr. Taylor notes in his appellate brief that the trial court denied Defendants' Motion for Summary Judgment, the record is void of this ruling.[1]

On December 12, 2013, the trial court granted Defendants' Amended, Unopposed Motion to Continue Trial and, per the parties' request, set a new trial date of February 20, 2014. On February 21, 2014, the trial court granted Mr. Taylor's Unopposed Motion and Order to Continue Trial and ordered that trial "be reset at a later date."

On July 15, 2016, Mr. Taylor served Interrogatories and Request for Production of Documents on each of the Defendants. Although the instructions in

---

[1] Because Mr. Taylor filed his Opposition to Defendants' Motion for Summary Judgment within four days of the hearing, Mr. Taylor proffered his opposition and exhibits.

both sets of discovery requests properly identify the Defendants as either "Dash" or "Mr. Duplechin", the discovery requests mistakenly define "you" or "yours" as "Defendant, SEAL INVESTMENTS GROUP, LLC, or all representatives or other persons acting on his behalf or request."  Nonetheless, the instructions in the requests for production of documents sought the following information from Dash and Mr. Duplechin:

**REQUEST FOR PRODUCTION NO. 1:**
Please produce copies of your 2006, 2007, 2008, 2009, 2010, and 2011 federal income tax returns.

**REQUEST FOR PRODUCTION NO. 2:**
Please produce copies of all of your 2006, 2007, 2008, 2009, 2010, and 2011 checking account statements from all banks, credit unions, and/or financial institutions.

**REQUEST FOR PRODUCTION NO. 3:**
Please produce copies of any and all of your financial statement for the years 2006, 2007, 2008, 2009, 2010, and 2011.

**REQUEST FOR PRODUCTION NO. 4:**
Please produce copies of any and all loans you obtained during the years 2006, 2007, 2008, 2009, 2010, and 2011.

**REQUEST FOR PRODUCTION NO. 5:**
Please produce copies of all of your 2006, 2007, 2008, 2009, 2010, and 2011 saving account statements, stock broker statements, investment statements, from all banks, brokerage houses, credit unions, investment institutions and/or financial institutions.

Mr. Taylor sought the following additional documents from only Mr. Duplechin:

**REQUEST FOR PRODUCTION NO. 6:**
Please produce copies of all documents evidencing your ownership interest in and to all legal entities, including but not limited to, corporations, companies, limited liability companies and partnerships that you had any ownership interest in during the years 2006, 2007, 2008, 2009, 2010, and 2011.

**REQUEST FOR PRODUCTION NO. 7:**
Please produce copies of all documents evidencing your ownership interest in and to any animals during the years 2006, 2007, 2008, 2009, 2010, and 2011.

On July 21, 2016, Dash and Mr. Duplechin submitted Objections to Requests for Production of Documents arguing the following:

1. Objection: the requests are not reasonably calculated to lead to the discovery of admissible evidence. The test of discoverability is whether the information sought appears reasonably calculated to lead to the discovery of evidence that is admissible. *Ward v. Tenneco Oil Co.*, 564 So.2d 814, 822 (La. Ct. App. 1990). Any information contained in the financial records sought to be discovered do not make any material question in this litigation more or less true or untrue. Therefore, they have no probative value. Having no probative value, they cannot be relevant to the proceeding. Therefore, the requests are not reasonably calculated to lead to the discovery of admissible evidence.

2. Objection: the requests are only served for the purpose of harassment and to needlessly increase the time and cost of litigation.

3. Objection: the requests are unreasonably burdensome in light dubious relation to any material question to this litigation.

On June 28, 2017, Mr. Taylor filed a Motion and Order to Set Trial Date, which the trial court granted and scheduled trial for August 10, 2017. Thereafter, on July 11, 2017, Mr. Duplechin filed an Ex Parte Motion to Dismiss for Abandonment, along with an affidavit signed by his attorney, Adam Young, alleging that there have been no filings or any steps in the prosecution or defense in this case from December 9, 2013 through December 10, 2016. Although Mr. Young's affidavit acknowledged that Mr. Taylor served discovery on Mr. Duplechin on July 15, 2016, he argues that the discovery sought "financial documents from Seal Investments Group, LLC, a company completely unrelated to this litigation and any of the parties herein, to which the Defendant [Mr. Duplechin] could not possibly answer, and which could not possibly result [in] the production of any documents reasonably calculated to lead to admissible evidence in this case." On July 13, 2017, a duty judge denied Mr. Duplechin's Order of Dismissal.

On July 19, 2017, Mr. Duplechin filed a Motion for New Trial, which the trial court granted on August 2, 2017. Following a hearing on Mr. Duplechin's

4

Motion to Dismiss for Abandonment, the trial court granted the motion finding that the 2016 discovery requests served by Mr. Taylor and objected to by the Defendants "do not constitute 'discovery as authorized by this Code' under [La.Code Civ.P.] art. 561(B)." Thereafter, on September 25, 2017, the trial court signed a judgment finding the case abandoned pursuant to La.Code Civ.P. art. 561(A)(1) and dismissed it with prejudice.

Mr. Taylor now appeals this judgment alleging the following assignments of error:

1. The Trial Court erred in granting Duplechin's motion to dismiss this case as abandoned under [La.Code Civ.P. art.] 561 based on the erroneous finding that the discovery served on Duplechin and Dash in 2016, does not constitute "discovery as authorized by this Code" under [La.Code Civ.P. art.] 561(B).

2. The Trial Court erred in granting Duplechin's motion to dismiss this case as abandoned under [La.Code Civ.P. art.] 561 based on the erroneous finding that Duplechin and Dash's written objection to Taylor's discovery did not constitute a step in the defense of the action under [La.Code Civ.P. art.] 561.

3. The Trial Court erred in granting Duplechin's motion to dismiss this case as abandoned under [La.Code Civ.P. art.] 561 when the actions of Taylor clearly demonstrated that he did not intend to abandon the lawsuit.

## STANDARD OF REVIEW:

This court set forth the standard of review for abandonment issues in *Margaret Fisk Munro v. British American Oil Producing Co.*, 16-1057, pp. 5-6 (La.App. 3 Cir. 11/8/17), 235 So.3d 1162, 1167 (citations omitted) when it held that:

> [A]n appellate court considers a trial court's findings of fact as to whether a step in the prosecution or defense of a case has been taken pursuant to the manifest error standard. However, the question of whether a particular, proven fact precludes abandonment is a question of law that is reviewed by considering whether the trial court's decision was legally correct.

5

**DISCUSSION:**

Louisiana Code of Civil Procedure Article 561 governs abandonment and provides, in pertinent part:

> A. (1) An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
>
> . . . .
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment . . . .
>
> . . . .
>
> B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

The Louisiana Supreme Court addressed the rules governing abandonment in *Clark v. State Farm Mutual Automobile Insurance. Co.*, 00-3010, pp.5-6 (La. 5/15/01), 785 So.2d 779, 784 (footnotes omitted), and stated as follows:

> Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party;* sufficient action by either plaintiff or defendant will be deemed a step.

The *Clark* court noted the following two judicially created exceptions to the abandonment rule that allow the trial court to consider evidence outside of the record in determining whether a case has been abandoned:

Those two exceptions are: (1) a plaintiff-oriented exception, based on *contra non valentem,* that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

*Id.* at 784-85.

Louisiana jurisprudence has held that La.Code Civ.P. "art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit" and that "abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Id.* at 785-86. Accordingly, the general rule is that any reasonable "doubt [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." *Young v. Laborde*, 576 So.2d 551, 552 (La.App 4 Cir. 1991).

With these legal principles in mind, we will evaluate whether Mr. Taylor's claim is abandoned by operation of law. Mr. Taylor argues that one of the remaining issues in this case is whether the parties intended for the $100 per day fee in the October 10, 2006 loan extension to apply only to the thirty-day term or whether it applies for every day the promissory note was not paid. Mr. Taylor alleges that the 2016 discovery requests were sent out in preparation for trial and to determine Defendants' financial condition at the time of the signing of the 2006 promissory note until the approximate time that Defendants paid the judgment. Applying the three *Clark* requirements to the July 15, 2016 discovery requests, we will first consider whether Mr. Taylor's served Interrogatories and Requests for Production of Documents constitute a step in the prosecution of this action.

Louisiana Code of Civil Procedure Article 1474(C)(4) (emphasis added) provides that "[t]he ***serving of any discovery materials*** pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action

7

for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings." *See also Charpentier v. Goudeau*, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981 (wherein the court found pursuant to Article 1474(C)(4), the act of mailing an interrogatory was a step in prosecution of case under Article 561). "Interrogatories" and "requests for production" are listed in La.Code Civ.P. art. 1474(B) and, therefore, are some of the types of discovery materials referenced in Article 1474(C)(4).

In the case *sub judice*, it is undisputed that Mr. Taylor's requests for production of documents were signed by Mr. Taylor's counsel of record and served on both Defendants. Although Mr. Taylor mistakenly defined "you" and "your" as "Defendant, SEAL INVESTMENTS GROUP, LLC, or all representatives or other persons acting on his behalf or request[,]" in each set of discovery requests, we find that the first page of each set properly identified the Defendants as either "David Duplechin" or "Dash Equipment & Supplies, Inc." and that both sets of discovery were properly served on Defendants' counsel. Moreover, Defendants' objections to the July 2016 discovery say nothing about Mr. Taylor's mistake in defining "you" and "yours" as "Defendant, SEAL INVESTMENTS GROUP, LLC" or the fact that Seal Investments Group, LLC had nothing to do with the case. Because Article 561 is not designed to dismiss actions on mere technicalities and "the intent and substance of a party's actions matter far more than technical compliance[,]" we find the technical errors in incorrectly defining "you" and "yours" in the discovery requests were not fatal to the determination of whether the discovery served as a step in the prosecution of the case. *Thibaut Oil Co., Inc. v. Holly*, 06-0313, p. 5 (La.App. 1 Cir. 2/14/07), 961 So.2d 1170, 1172-73.

Moreover, we find no merit to Mr. Duplechin's argument that the discovery requests did not seek information relevant to the subject matter and thus, do not constitute discovery as "authorized" by the Code of Civil Procedure.

Louisiana Code of Evidence Article 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Louisiana Code of Civil Procedure Article 1422 defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The Louisiana Supreme Court noted that "the basic objectives of the Louisiana discovery process are to allow parties to obtain pertinent facts, to discover true facts and to compel their disclosure, to assist in trial preparation, to narrow and clarify the issues, and to encourage settlement or abandonment of claims lacking merit." *Moak v. Illinois Cent. R.R. Co.*, 93-783 (La. 1/14/94), 631 So.2d 401, 406. Thus, even information inadmissible at trial is discoverable "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." La.Code Civ.P. art 1422. After a review of the record, we find the substance of the discovery requests was relevant to obtain information that could be used at the trial in this matter and, because the discovery was served on all parties, was a step in the prosecution of the case.

The second requirement under *Clark* is that the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Because Mr. Taylor's step in the prosecution of this action involved formal discovery, and because the Defendants were served and aware of the requests for documents, we find this requirement is waived.

The third requirement under *Clark* is the step must be taken within the legislatively prescribed time period of the last step taken by either the plaintiff or the defendant. Prior to the July 15, 2016 discovery requests, the last action in the record was the February 20, 2014 Unopposed Motion and Order to Continue Trial; however, because the motion did not request that the court set a new trial date, it is not considered a step in the prosecution of a case since an indefinite continuance is not intended to hasten the matter to judgment. *See Oliver v. Oliver*, 95-1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081 (whereby this court found that an unopposed motion to continue without a trial date is not a step in the prosecution.) Thus, we find that the last step taken in the record was the December 12, 2013 Amended, Unopposed Motion to Continue Trial whereby both parties agreed to proceed with trial on February 20, 2014. Therefore, because the July 15, 2016 discovery requests were served within the three-year statutory period, we find that the trial court erred in dismissing this matter as abandoned.

For the foregoing reasons, the judgment of the trial court granting the Motion to Dismiss for Abandonment is reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Mr. Duplechin.

**REVERSED AND REMANDED.**