| | | |
|---|---|---|
| **DR. CARROL I. FISCHER, JR.** | * | **NO. 2019-CA-0337** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **CHAD ROGERS, CUVEE, L.L.C., DECATUR HOTELS,** | * | **FOURTH CIRCUIT** |
| **LLC AND THE NEW ORLEANS BOARD OF TRADE,** | * | **STATE OF LOUISIANA** |
| **LIMITED** | * | |
| | * | |

* * * * * * *

**CHASE, J., CONCURS WITH REASONS.**

I join in the majority's opinion but write separately to emphasize the split in the Circuits. While I recognize that dismissal of a case because of abandonment is a harsh remedy which should be employed sparingly, there is clearly a dispute amongst the courts as to whether continuing a trial without date constitutes a step in the prosecution of the case pursuant to La. C.C.P. art. 561. *See, e.g., Taylor v. Dash Equipment & Supplies, Inc.*, 2018-0335, p. 10 (La.App. 3 Cir. 11/7/18), 258 So.3d 909, 916 (unopposed motion to continue is not a step because it did not request the court to set a new trial date; "indefinite continuance is not intended to hasten the matter to judgment"); *Bourg v. Entergy Louisiana, LLC*, 2012-0829, pp. 5-6 (La.App. 5 Cir. 4/10/13), 115 So.3d 45, 49 ("continuing the hearing on a motion for summary judgment, without date, does not further the suit towards judgment, and thus does not qualify as a 'step' to interrupt the accrual of the abandonment period"); and *Hutchison v. Seariver Maritime, Inc.*, 2009-0410, p. 6 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 994 ("[a] joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an *indefinite* continuance is not intended to hasten the matter to judgment").