Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,002-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MRS. SALVATORE PAUL                          Plaintiffs-Appellants
PROVENZA, SR., SALVATORE
PAUL PROVENZA, JR.,
VICTORIA C. PROVENZA, AND
THE UNOPENED SUCCESSION
OF SALVATORE PAUL
PROVENZA, SR.

versus

THE CITY OF BOSSIER CITY,                     Defendants-Appellees
LOUISIANA, BOSSIER PARISH,
LOUISIANA, PAM GLORIOSO,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS AN
EMPLOYEE OF THE CITY OF
BOSSIER CITY, LOUISIANA,
AND H & W DEMOLITION, INC.

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 135186

Honorable R. Lane Pittard, Judge

* * * * *

LAW OFFICES OF THOMAS
BORDELON, LLC
By: Thomas Bordelon

Counsel for Appellants,
Mrs. Salvatore Paul
Provenza, Sr., Salvatore
Paul Provenza, Jr., and
Victoria C. Provenza


COOK, YANCEY, KING & GALLOWAY
By: Robert Kennedy, Jr.
     Elizabeth Mendell Carmody
     James Ashby Davis

Counsel for Appellees,
The City of Bossier City,
Louisiana, Bossier
Parish, Louisiana, and
Pam Glorioso,
Individually, and in her
Official Capacity as an
Employee of the City of
Bossier City, Louisiana


LUNN, IRION LAW FIRM, LLC
By: Ronald Everett Raney
     Alexander J. Mijalis

Counsel for Appellee,
H & W Demolition, Inc.

\* \* \* \* \*

Before GARRETT, HUNTER, and BODDIE (*Pro Tempore*), JJ.


HUNTER, J., dissents with written reasons.

**GARRETT, J.**

The plaintiffs, Mrs. Salvatore Paul Provenza Sr., Salvatore Paul Provenza Jr., Victoria C. Provenza, and the unopened succession of Salvatore Paul Provenza Sr., appeal from a trial court judgment dismissing on the grounds of abandonment their suit against the defendants, the City of Bossier City, Louisiana ("the City"); Bossier Parish, Louisiana; and Pam Glorioso, individually and in her official capacity as an employee of the City. For the following reasons, we affirm the trial court judgment.

## INTRODUCTION

This litigation began more than ten years ago. Defending a lawsuit is expensive and defendants have no obligation to advance the litigation. Where, as here, a matter remains dormant too long, without activity designed to hasten the matter to judgment, our legislature, in La. C.C.P. art 561, has provided for the consequences – the case is deemed abandoned. Against this basic explanation of how civil litigation is governed, we will review what occurred in this case, and explain why the trial court was correct. In so doing, we join with the first, third, and fifth circuits and decline to follow the approach taken by the fourth circuit. We hold that the *ex parte* motion to continue the trial, without date, filed by the plaintiffs was not a step in the prosecution of the case, and the case was properly dismissed as abandoned.

## FACTS

The plaintiffs had been the owners of immovable property at 412 and 418 Traffic Street in Bossier City for 75 years. In September 2009, the City and Bossier Parish expropriated a portion of the plaintiffs' property in order to widen Traffic Street. While some of the plaintiffs' property was included

in the expropriation, they claim that a portion was not in the parameters of the order and there were buildings on the excluded portions. In January 2010, Victoria Provenza went to a building on the property and discovered that structures had been demolished by employees of H & W Demolition, Inc. ("H & W").[1]

In January 2011, the plaintiffs filed suit against the defendants claiming that the demolition was ordered by Glorioso, without a judicial decree and without notice to the plaintiffs. The plaintiffs asserted that this turned their property into non-income producing property, the defendants' actions constituted an illegal use of the plaintiffs' property, and the actions were part of a scheme by the City to take the plaintiffs' property without due process. According to the plaintiffs, no effort was made to determine if there was anything in the buildings prior to the demolition. The plaintiffs urged that they were damaged by the loss of the contents of the structures. In February 2011, the defendants answered with a general denial.

On January 19, 2012, the defendants filed a motion to compel discovery alleging that the plaintiffs had failed, after many requests, to respond to interrogatories and requests for production of documents propounded to them in March 2011. Although the motion to compel was set for a hearing in court on March 19, 2012, there is no indication in the record as to what occurred on that date. The matter was presumably resolved, as there is no minute entry for that particular date.

---

[1] H & W originally named as a defendant in this matter, filed a motion for summary judgment in July 2012, arguing that the company did what it was asked to do in demolishing the buildings and did not have a duty to review or interpret the expropriation order. No opposition to the motion was filed by the plaintiffs. In February 2013, the trial court granted summary judgment in favor of H & W, dismissing the plaintiffs' claims against the company. That judgment was not appealed.

2

On August 29, 2013, the plaintiffs filed a notice of taking the deposition of Glorioso, together with a subpoena duces tecum to produce all records, documents, invoices, materials, contracts, change orders, or other documentation connected with the plaintiffs' property and the destruction of their buildings. Glorioso's deposition was taken on September 25, 2013.[2]

On October 15, 2015, a scheduling order was signed by the trial court setting the case for trial on April 19, 2016.[3] On February 23, 2016, the plaintiffs filed a motion to continue the trial date. The motion provided that plaintiffs' counsel had undergone hip replacement surgery and was not prepared to try the case. The motion also stated that "all counsel are in agreement to continue the trial of this matter and reschedule at a later date." The *ex parte* motion was not signed by counsel for the defendants. The trial court signed an order continuing the trial, "to be reset at a later date."

On August 1, 2016, the plaintiffs filed a motion and order requesting a status conference in order to schedule a new trial date. The court ordered that a status conference be held on August 24, 2016. Pursuant to the scheduling conference held that date, a new scheduling order was signed by the trial court setting the matter for trial on May 26, 2017.[4]

On May 17, 2017, the plaintiffs filed another *ex parte* motion to continue the trial, to be reset at a later date. This motion recited that

---

[2] According to the defendants' brief, the depositions of the plaintiffs were also taken on the same date. The plaintiffs have not disputed this.

[3] The record indicates that the defendants requested a scheduling conference in the trial court, which was held on October 15, 2015, and resulted in the scheduling order signed that date.

[4] This order provided, *inter alia*, that all discovery requests had to be made no later than 45 days prior to trial and discovery was to be completed no later than 30 days before trial, unless extended by the court for good cause shown. No requests for any extensions of these deadlines were filed.

discovery was ongoing. Like the first motion, this one stated, "all counsel are in agreement to continue the trial of this matter and reschedule at a later date." The motion was not signed by counsel for the defendants. The trial court signed an order on that date, which again continued the matter "to be reset at a later date." Notably, the plaintiffs did not file a subsequent motion and order requesting another status conference to obtain a new trial date, as had been done earlier.

On June 29, 2018, one of the plaintiffs' co-counsel filed a motion to withdraw, and on July 2, 2018, the trial court signed an order granting the motion.[5]

On May 11, 2020, the plaintiffs e-filed, with the clerk of court, a "Notice of Article 1442 Deposition of the City of Bossier City and Subpoena Duces Tecum." The notice was physically filed into the record on May 12, 2020.

On May 20, 2020, the defendants filed an *ex parte* motion for an order of dismissal on the grounds of abandonment. They argued that the motion to continue the trial setting without date, filed on May 17, 2017, and the motion to withdraw, filed on June 29, 2018, were not steps in the prosecution or defense of the suit and were not sufficient to stop the running of the time for abandonment of the suit under La. C.C.P. art. 561. They maintained that the

---

[5] It is well settled that a change of counsel via withdrawal, substitution, or enrollment is not considered a step under La. C.C.P. art. 561 which would prevent abandonment. *See Chevron Oil Co. v. Traigle*, 436 So. 2d 530 (La. 1983); *Hudson v. Town & Country Nursing Ctr., LLC*, 49,581 (La. App. 2 Cir. 3/4/15), 162 So. 3d 632; *McNealy v. Englade*, 2019-0573 (La. App. 1 Cir. 2/21/20), 298 So. 3d 182; *Satterthwaite v. Byais*, 05-10 (La. App. 1 Cir. 7/26/06), 943 So. 2d 390; *Brown v. Sutherland Lumber, Inc.*, 2010-469 (La. App. 3 Cir. 11/3/10), 53 So. 3d 477, *writ denied*, 11-0411 (La. 4/8/11), 61 So. 3d 690; *Bailey v. Bailey*, 2018-0521 (La. App. 4 Cir. 11/28/18), 260 So. 3d 764; *Savoie v. Larmarque Ford, Inc.*, 16-221 (La. App. 5 Cir. 12/7/16), 205 So. 3d 1001. The plaintiffs do not argue to the contrary in this appeal.

last step in the prosecution of the matter was taken on August 24, 2016, when the latest scheduling order was signed by the trial court, and the suit was abandoned on August 25, 2019, three years after that date. The defendants contended that the filing of a notice of deposition and subpoena duces tecum by the plaintiffs on May 11, 2020, was too late, as the suit was already abandoned at that time.

In support of the motion, the defendants' attorney filed an affidavit attesting that, from August 25, 2016, to May 10, 2020, a period of more than three years, no step was taken in the prosecution or defense of this matter, no formal discovery was served by him on all parties to this matter, and none was served on him by any other party to this matter. He stated that, since at least August 25, 2016, no depositions, whether with or without formal notice, had been taken. He stated that neither the plaintiffs nor the defendants had taken any step in the prosecution or defense of this matter between August 25, 2016, and May 10, 2020, a period of more than three years. He also stated that, since August 25, 2019, the defendants had not made any unconditional tender, agreed to a trial setting, submitted the case for decision, sought security for costs, or provoked or responded to discovery. A certificate from the clerk of court corroborating the dates contained in the defendants' motion was also filed, together with a memorandum of legal authority in support of the motion.

On May 22, 2020, the trial court signed an order granting the defendants' *ex parte* motion, declaring the plaintiffs' suit abandoned, and dismissing all their claims without prejudice. On July 6, 2020, the plaintiffs filed a motion to set aside the order of dismissal and requested that a hearing be held.

5

At the hearing held in the trial court on September 14, 2020, the plaintiffs did not offer any evidence to refute the facts contained in the affidavit of the defendants' attorney which attested that absolutely no steps were taken in the prosecution or defense of this matter between August 25, 2016, and May 10, 2020. The attorney for the plaintiffs addressed only legal issues before the court. The plaintiffs relied upon jurisprudence from the fourth circuit in support of their argument that the motion to continue the trial setting, without date, was a step in the prosecution. They maintained that courts must look at the record to determine if there was intent on the part of the plaintiffs to abandon the action. However, nothing in the record was noted and no evidence was offered to support this argument. They simply made the bare assertion, without any factual support, that there was no showing they intended to abandon their suit against the defendants.

The defendants acknowledged below that there was a split in the appellate courts of this state regarding whether a motion to continue a trial setting without date is a step in the prosecution of a case. They argued that the fourth circuit jurisprudence relied upon by the plaintiffs was an outlier. They cited the jurisprudence from the first, third, and fifth circuits finding that such a motion was not a step in the prosecution. The defense noted that, although this circuit had not directly addressed the issue, dicta in *Futch v. Horseshoe Casino*, 49,144 (La. App. 2 Cir. 7/23/14), 146 So. 3d 818, *writ denied*, 14-1934 (La. 11/21/14), 160 So. 3d 973, indicated that the second circuit would follow the first, third and fifth circuits on this issue.

After considering the arguments of the parties, the trial court ruled that the suit in this case had been abandoned. In its oral reasons, the trial court acknowledged the split in the circuits. The court then succinctly noted

that the plaintiffs' motion to continue was the "exact opposite" of a formal action to hasten the suit toward judgment. On September 23, 2020, the trial court signed an order denying the motion to set aside the order of abandonment. The plaintiffs appealed.

## ABANDONMENT

The plaintiffs argue that the trial court erred in finding that the matter was abandoned based upon its determination that a motion to continue a trial setting, without date, does not constitute a step in the prosecution of the matter. This argument is without merit.

### Legal Principles

La. C.C.P. art. 561 provides, in pertinent part:

A. (1) An action, . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.][6]

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only

---

[6] 1997 La. Acts 1221, eff. July 1, 1998, amended this provision to reduce from five years to three years the period of time in which an action could be dismissed for lack of prosecution or defense.

within sixty days of the date of the clerk's mailing of the order of denial.

. . . .

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

In order to avoid abandonment: (1) a party must take some "step" in the prosecution or defense of the action, (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit, and (3) the step must be taken within three years of the last step taken by either party. *Williams v. Montgomery*, 20-01120 (La. 5/13/21), ___ So. 3d ___, 2021 WL 1921078; *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-0912 (La. 12/6/11), 79 So. 3d 978; *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So. 2d 779; *Allen v. Humphrey*, 51,331 (La. App. 2 Cir. 4/5/17), 218 So. 3d 256; *Hutchison v. Seariver Mar., Inc.*, 09-0410 (La. App. 1 Cir. 9/11/09), 22 So. 3d 989, *writ denied*, 09-2216 (La. 12/18/09), 23 So. 3d 946.

A "step" is a formal action before the court intended to hasten the suit toward judgment or is the taking of formal discovery. *Williams v. Montgomery*, *supra*; *James v. Formosa Plastics Corp. of La.*, 01-2056 (La. 4/3/02), 813 So. 2d 335. *See also Chevron Oil Co. v. Traigle*, *supra*. Sufficient action by either plaintiff or defendant will be deemed a step. *See Williams v. Montgomery*, *supra*; *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, *supra*.

The underlying policy of the abandonment article seeks to prevent protracted litigation that is filed for purposes of harassment or without a

8

serious intent to hasten the claim to judgment. *Williams v. Montgomery*, *supra*; *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, *supra*; *McNealy v. Englade*, *supra*. Abandonment is a device that the legislature adopted to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue. *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*.

La. C.C.P. art 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*. To avoid a possible waiver of the right to assert abandonment, a defendant is instructed by La. C.C.P. art. 561 on the proper procedure to utilize to obtain an *ex parte* order of dismissal. If, despite some action by the defendant during the three-year period that arguably constitutes a waiver, the judge signs the *ex parte* dismissal order, the proper procedural mechanism is for the plaintiff to rule the defendant into court to show cause why the *ex parte* dismissal should not be vacated, alleging that the court inadvertently dismissed the suit without noticing that a party has taken a step in the prosecution or defense of the suit within the previous three years. *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*.

Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, the logical inference is that the party intends to abandon the claim and the law gives effect to this

9

inference. *See Williams v. Montgomery*, *supra*; *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*.

The presumption of abandonment that arises under La. C.C.P. art. 561 as a result of three years of litigation inactivity, however, is not conclusive. Two jurisprudential, prescription-based exceptions are recognized. Those two exceptions are: (1) a plaintiff-oriented exception, based on *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control;[7] and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*. Moreover, given that dismissal is the harshest of remedies, the general rule is that La. C.C. P. art. 561 is to be liberally construed and any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *See Williams v. Montgomery*, *supra*; *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*.

Abandonment is not a punitive concept; rather, it is a balancing concept. Abandonment balances two equally sound, competing policy considerations: on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable

---

[7] Examples of circumstances beyond a plaintiff's control resulting in a failure to prosecute include a plaintiff serving in the military, a plaintiff confined to a mental institution, and a natural disaster. *See Juengain v. Tervalon*, 2017-0155 (La. App. 4 Cir. 7/26/17), 223 So. 3d 1174, *writ denied*, 17-1648 (La. 11/28/17), 229 So. 3d 934, and *writ not considered*, 17-1648 (La. 1/29/18), 233 So. 3d 607. Proceeding pro se, being incarcerated, and inaction by a plaintiff's attorney are not actions beyond the plaintiff's control that prevent abandonment. *See Juengain v. Tervalon*, *supra*; *Haisty v. State, Dep't of Transp. & Dev.*, 634 So. 2d 919 (La. App. 2 Cir. 3/30/94).

10

delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. *Williams v. Montgomery*, *supra*; *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*. The latter policy consideration parallels those served by prescriptive statutes – promoting legal finality, barring stale claims, and preventing prejudice to defendants. *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*. More precisely, the latter prescriptive purpose on which abandonment is based promotes the legislative intent and judicial policy of finality, requiring that suits not be permitted to linger indefinitely, that the legal process be expedited where possible, and that abandoned cases be removed from crowded dockets. *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*.

Abandonment is both historically and theoretically a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim. *Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*; *P&J Contracting of La., L.L.C. v. Dep't of Educ., Recovery Sch. Dist.*, 2020-0674 (La. App. 1 Cir. 12/30/20), ___ So. 3d ___, 2020 WL 7770234.

For the purposes of determining abandonment, the intent and substance of a party's actions matter far more than technical compliance. *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, *supra*. La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's action, and any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. However, while the intention of La. C.C.P. art. 561 is not to dismiss actions as abandoned based on technicalities,

11

abandonment is warranted where plaintiff's inaction during the three-year period has clearly demonstrated his abandonment of the action. *Williams v. Montgomery, supra; Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., supra.*

Whether a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. *Williams v. Montgomery, supra; Hutchison v. Seariver Mar., Inc., supra; Brown v. Kidney and Hypertension Assocs., L.L.P.,* 2008-0919 (La. App. 1 Cir. 1/12/09), 5 So. 3d 258. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law that is examined by ascertaining whether the trial court's decision was legally correct. *Williams v. Montgomery, supra; Hutchison v. Seariver Mar., Inc., supra.*

**Discussion**

As stated by the plaintiffs in their brief, the sole issue in this case presents a legal question – whether the motion for continuance, without date, constitutes a step in the prosecution of the matter that would prevent abandonment. The chronology of this case detailed above is not in dispute. There are no factual disputes to resolve as the plaintiffs did not offer any evidence at the hearing. The plaintiffs base their legal argument solely upon the fourth circuit jurisprudence. They have not addressed the split among the appellate courts in this state on this issue or acknowledged that the first, third, and fifth circuits do not recognize such a motion as a step in the prosecution of a matter. The defendants counter that the trial court correctly ruled and that the fourth circuit's approach is wrong.

12

In order to explain why the trial court was correct and the plaintiffs' argument is without merit, a thorough review of the applicable jurisprudence is necessary. The first circuit has considered whether a motion to continue, without date, is a step in the prosecution of a matter that prevents abandonment. That circuit holds that even a *joint* motion to continue, without date, or indefinitely, is not considered a step in the prosecution of a case, since by its very nature, an indefinite continuance is not intended to hasten the matter to judgment. *See Hutchison v. Seariver Mar., Inc.*, *supra*; *Stirling Props., Inc. v. FBF #1, L.L.C.*, 2010-1575 (La. App. 1 Cir. 3/25/11), 2011 WL 1103241.[8]

The third circuit has held that an *unopposed* motion to continue a trial with the trial date "to be reset at a later date," the same language used in the case *sub judice*, was not a step in the prosecution of the case. *Taylor v. Dash Equip. & Supplies, Inc.*, 2018-335 (La. App. 3 Cir. 11/7/18), 258 So. 3d 909. In *Taylor*, the third circuit found that such a motion was not considered a step in the prosecution of a case since an indefinite continuance is not intended to hasten the matter to judgment. See also *Barber v. Jefferson*, 2017-72 (La. App. 3 Cir. 5/17/17), 221 So. 3d 264; *Griffin v. Campbell*, 2000-00468 (La. App. 3 Cir. 11/2/00), 772 So. 2d 370; *Oliver v. Oliver*, 95-1026 (La. App. 3 Cir. 3/27/96), 671 So. 2d 1081.

The fifth circuit has also held that continuing a hearing, without date, is not considered a step in the prosecution of the case because it is not intended to hasten the matter to judgment and does not qualify as a step that

---

[8] See and compare *Hinds v. Glob. Int'l Marine, Inc.*, 2010-1452 (La. App. 1 Cir. 2/11/11), 57 So. 3d 1181, in which the first circuit found that a motion to continue a matter with a request that the trial court reset a date for the hearing, with an accompanying order, was a step in the prosecution of the suit.

interrupts the accrual of the abandonment period. *See First Bank & Tr. v. Proctor's Cove II, LLC*, 19-299 (La. App. 5 Cir. 12/30/19), 287 So. 3d 888; *Savoie v. Larmarque Ford, Inc.*, *supra*; *Bourg v. Entergy Louisiana, LLC*, 12-829 (La. App. 5 Cir. 4/10/13), 115 So. 3d 45, *writ denied*, 13-1064 (La. 6/21/13), 118 So. 3d 421.

Although the precise issue presented for review in this case has never been directly addressed by this court, there is some indication that we would follow the reasoning of the first, third, and fifth circuits. In *Futch v. Horseshoe Casino*, *supra*, this court considered a workers' compensation case in which the defendant argued that the plaintiff's claim should have been dismissed for want of prosecution under La. R.S. 23:1209(D), a workers' compensation statute similar to La. C.C.P. art. 561. The defendant argued that the plaintiff had continued or acquiesced in the continuance of the matter numerous times and the matter had been pending for more than five years. The plaintiff pointed out that all motions for continuance included a prayer to reset the trial date. This court observed the analogy between the two abandonment statutes and recognized that, "Ordinarily, a motion to continue does not constitute a step in the prosecution of the case." This court found that, based upon activity in the case and representations by both parties that settlement negotiations were underway, the WCJ's ruling that the claim had not been abandoned should be affirmed.[9]

---

[9] See and compare *Putch v. Straughan*, 397 So. 2d 38 (La. App. 2 Cir. 1981), *writ denied*, 401 So. 2d 976 (La. 1981), in which we found that, where a case was continued for *argument*, without date, but was not submitted to the court for decision, this did not constitute a step in the prosecution sufficient to prevent abandonment. We stated that it was the plaintiff's responsibility to request that the trial judge fix a date for the argument. Failing to take that step in the prosecution for the requisite period of time for abandonment, the plaintiff was deemed to have abandoned the action under La. C.C.P. art. 561.

By contrast, the fourth circuit has not decided the question in the same way as the other circuit courts that have dealt with the issue. In *Dean v. Delacroix Corp.*, 2012-0917 (La. App. 4 Cir. 12/26/12), 106 So. 3d 283, *writ denied*, 13-0485 (La. 4/26/13), 112 So. 3d 844, the fourth circuit considered whether an *order* granting a motion for continuance, without date, interrupted the time for abandonment of an action. The fourth circuit had evidence of other activity in the suit that possibly would have constituted a step in the prosecution of the case, but instead, without citing any authority for its conclusion, determined that, because the case was progressing to trial until it was continued, the date the trial court signed the order granting the continuance was "the operative date to begin the tolling of the three-year abandonment rule."

In *Heirs of Simoneaux v. B-P Amoco*, 2013-0760 (La. App. 4 Cir. 2/5/14), 131 So. 3d 1128, *writ denied*, 14-0600 (La. 5/16/14), 144 So. 3d 1035, the plaintiffs filed suit in December 1999, and amended their petitions in 2000, 2001, and 2004. No answers were filed to any of the petitions. In March 2008, the plaintiffs filed a motion for a status conference, which was set for August 28, 2008. Allegedly, a telephone conference was held on that date, resulting in an indefinite continuance of the matter. The plaintiffs alleged that the parties agreed that the telephone conference would be a step in the prosecution of the matter, but the defendants denied any such agreement. The minutes and the record did not show that the telephone conference ever took place. On August 23, 2011, the plaintiffs filed a motion for a status conference and the defendants filed a motion to dismiss the case as abandoned. According to the defendants, the last step in the prosecution of the case was the motion for a status conference in March

15

2008.  Relying to some extent on *Dean v. Delacroix Corp.*, *supra*, the fourth circuit found that the last step in the prosecution of the case occurred on the date of the telephone conference.

The dissent in *Heirs of Simoneaux v. B-P Amoco*, *supra*, pointed out significant flaws in the fourth circuit's reasoning in that case and in *Dean v. Delacroix Corp.*, *supra*.  The jurisprudence provides that, with the exception of discovery, steps in the prosecution of a case must appear on the record.  In *Simoneaux*, the telephone conference occurred off the record.  The dissent noted that the parties *jointly* requested a continuance of the status conference and all further proceedings in the case, and observed that in *London Livery, Ltd. v. Brinks*, 2008-0230 (La. App. 4 Cir. 12/10/08), 3 So. 3d 13, the fourth circuit held that a motion for an extension of time was not a step toward prosecution of the case under La C.C.P. art. 561 because it was not an action intended to hasten the matter to judgment.  According to the dissent, "When it comes to hastening an action toward judgment, I see no difference between a motion for an extension of time and a motion to *indefinitely* continue proceedings, and neither do our sister courts.  A joint motion to continue is not an attempt to hasten an action toward trial; it is not a step."  The dissent also noted that, to the extent that *Dean v. Delacroix Corp.*, *supra*, held that an *order by the trial court* granting an indefinite continuance is sufficient to interrupt an abandonment period, that holding was at odds with prior fourth circuit case law and the plain text of La. C.C. P. art. 561.  The dissent cited *Argence, L.L.C. v. Box Opportunities, Inc.*, 2011-1732 (La. App. 4 Cir. 5/23/12), 95 So. 3d 539, which concluded that a *party* must take the step to move the case to final disposition, not the trial judge.

16

In *Delacruz v. Anadarko Petrol. Corp.*, 2014-0433 (La. App. 4 Cir. 12/3/14), 157 So. 3d 790, the fourth circuit again held that the trial court's order continuing a trial without date was a step in the prosecution preventing abandonment of the action, citing *Dean v. Delacroix Corp.*, *supra*, and *Heirs of Simoneaux v. B-P Amoco*, *supra.* The same judge who dissented in *Simoneaux* dissented in *Delacruz*, again opining that neither a continuance, without date, nor an order by the trial court granting the continuance without date constitutes a step in the prosecution of a case because it does not hasten the case toward trial and judgment. The dissent noted that the fourth circuit's decision and reasoning in *Dean, Simoneaux,* and *Delacruz* conflicts "with our sister circuits and this Court's own prior caselaw." The dissent stated that, "A continuance without date signals an indefinite delay of trial rather than a step toward trial."

The case primarily relied upon by the plaintiffs, both below and before us, is *Fischer v. Chad Rogers, Cuvee, L.L.C.*, 2019-0337 (La. App. 4 Cir. 10/9/19), 280 So. 3d 1199, *writ granted*, 2019-01808 (La. 1/22/20), ___ So. 3d ___, 2020 WL 415828. There the fourth circuit again held that, where a trial date has been selected and the matter is proceeding toward that trial date, an order continuing trial, without date, qualifies as a step in the prosecution of the case. The fourth circuit stated that it was bound by that court's precedent in *Dean*, *Simoneaux*, and *Delacruz.* The court noted that other circuits do not follow this rule, but did not find those holdings persuasive in the face of contrary precedent in the fourth circuit. Another judge of the fourth circuit concurred in the result, but noted that there is a

split in the circuits as to whether continuing a trial, without date, constitutes a step in the prosecution of the case pursuant to La. C.C.P. art. 561.[10]

Prior to *Dean* and its progeny, the fourth circuit correctly recognized that filing a motion for continuance, *with* a date set for the trial, constituted a step in the prosecution of the action that prevented abandonment. It should also be noted that the first, third, and fifth circuits have held that a *joint* motion for continuance or an *uncontested* motion for continuance is not a step in the prosecution of the matter, apparently rejecting the notion that if there is agreement to continue a matter without date, that should constitute a step in the prosecution of the matter. Those courts recognize that, even if the parties agree to a continuance without date, that action still does not satisfy the requirement that the step hasten the matter to judgment. In fact, it is interesting that even the fourth circuit has found that *opposition* to a continuance *was* a step in the prosecution of the matter that would prevent abandonment. *See Reed v. Finklestein*, 2001-1015 (La. App. 4 Cir. 1/16/02), 807 So. 2d 1032, *writ denied*, 02-0550 (La. 4/26/02), 814 So. 2d 560. In the case *sub judice*, although the plaintiffs said that the parties agreed to the continuance, the motion was *ex parte* and was not signed by any representative for the defendants.

We believe that the legal reasoning of the first, third, and fifth circuits is more fully supported by La. C.C.P. art. 561 and the basic requirement that a "step" is a formal action before the court, intended to hasten the suit toward judgment, or the taking of formal discovery. As found by those

---

[10] The Louisiana Supreme Court granted writs in *Fischer* in January 2020, but the case was never docketed for oral argument. According to the Louisiana Supreme Court clerk's office, the writ application was later withdrawn. Thus, our supreme court has not yet resolved the split in the circuits.

18

courts, the continuance of a case, without date, even if the motion is joint or unopposed, does not hasten the suit toward judgment. Rather, without the remedy offered by La. C.C.P. art. 561, such an action would allow an action to "hang perpetually over the head of the defendant unless he himself should force the issue" and is contrary to the underlying policy of the abandonment article which seeks to prevent protracted litigation without a serious intent to hasten the claim to judgment. *See Clark v. State Farm Mut. Auto. Ins. Co.*, *supra*; *Williams v. Montgomery*, *supra*. Accordingly, we hold that the plaintiffs' filing of the motion to continue in this case, without date, does not constitute a step in the prosecution of the case that prevented abandonment.

The plaintiffs also argue that they "clearly" did not intend to abandon the action because they "engaged in discovery pre-trial motion practice." They claim that this is supported by the filing of the discovery motion on May 11, 2020. To the contrary, this argument is not supported by the record or the jurisprudence. As set forth above, the motion to continue, without date, filed on May 17, 2017, was not a step in the prosecution of the case. The last step in the prosecution of this case occurred on August 24, 2016, when a scheduling conference was held and an order was signed by the trial court setting the matter for trial. The time for abandonment ran on August 25, 2019. Even though the *ex parte* motion to continue filed on May 17, 2017, stated that discovery was ongoing and would not be completed by the trial date, there was no showing by the plaintiffs that any discovery of any kind was undertaken in the three-year period after August 24, 2016.[11] As

---

[11] We also note that the motion for a continuance, without date, filed on May 17, 2017, was the second motion for continuance filed by the plaintiffs. It was never followed up with another request for a scheduling conference to set a new trial date as was previously done.

19

referenced above, the parties had already taken depositions back in September 2013. At the hearing on the motion to dismiss the judgment of abandonment, defendants' counsel stated that, when he received the discovery request, in May 2020, he had to "dig the case out of the morgue and look at it." At that point, it had been three years and eight months since any action at all had been taken in the case by either party, prompting the motion to dismiss for abandonment.

The defendants filed the affidavit required by La. C.C.P. art. 561 with their motion to dismiss for abandonment. That sworn statement provides that *no* action, including discovery by any party, occurred between August 25, 2016, and May 10, 2020. The plaintiffs had every opportunity at the hearing on the motion to set aside the order of dismissal for abandonment to show that discovery or any other qualifying step occurred during the three-year period to stop the claim from being abandoned. They simply did not do so. The filing of the discovery motion on May 11, 2020, was too late. The tardy discovery motion could not serve to resurrect the plaintiffs' abandoned action. Further, merely saying that discovery was ongoing, without any proof to show that discovery was undertaken, is insufficient. While the plaintiffs argue that it was clear that they did not intend to abandon their suit, they point to nothing to show any activity whatsoever. Abandonment is warranted where, as here, the plaintiffs' inaction during the three-year period clearly demonstrates the abandonment of the action.

This case was filed more than ten years ago, and the plaintiffs failed to take any steps whatever for a three-year period to hasten the matter to judgment. The trial court's ruling that the plaintiffs' claim is abandoned was

correct. It advances the purposes of La. C.C.P. art. 561, to promote legal finality, to bar stale claims, and to prevent prejudice to the defendants. To decide otherwise would allow this matter to "hang perpetually over the head of the defendant unless he himself should force the issue."

## CONCLUSION

For the reasons stated above, we affirm the trial court judgment dismissing, without prejudice, the plaintiffs' suit against the defendants on the grounds of abandonment. Costs in this court are assessed to the plaintiffs.

**AFFIRMED**.

**HUNTER, J., dissenting.**

Because dismissal is the harshest of remedies, the general rule is any reasonable doubt should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 2011-0912 (La. 12/6/11), 79 So. 3d 978; *Clark v. State Farm Mut. Auto. Ins. Co.*, 2000-3010 (La. 5/15/01), 785 So. 2d 779.

In the instant case, the trial date was scheduled for May 26, 2017. However, on May 17, 2017, the plaintiffs filed a motion to continue, asserting "*all counsel are in agreement* to continue the trial of this matter *and reschedule at a later date*." (Emphasis added). The trial court signed the order stating the matter was "continued to be reset at a later date."

I recognize a motion to continue does not "ordinarily" constitute a step in the prosecution of a case. *Futch v. Horseshoe Casino*, 49,144 (La. App. 2 Cir. 7/23/14), 146 So. 3d 818, 824-25, *writ denied*, 2014-1934 (La. 11/21/14), 160 So. 3d 973; *Taylor v. Dash Equipment & Supplies, Inc.*, 2018-0335 (La. App. 3 Cir. 11/7/18), 258 So. 3d 909; *Hutchison v. Seariver Maritime, Inc.*, 2009-0410, (La. App. 1 Cir. 9/11/09), 22 So. 3d 989.

Nevertheless, under the facts of this case, I do not believe this record "clearly demonstrated" the plaintiffs abandoned the action. In the motion to continue, the plaintiffs averred discovery was ongoing. The defendants did not oppose the motion to continue the trial. In fact, during oral arguments before this Court, defense counsel admitted they agreed to the continuance and they were not ready to proceed to trial. Finally, if the continuance was not considered a step in the prosecution under the code of civil procedure

1

and related jurisprudence, then the abandonment should have occurred sooner.

For these reasons, I respectfully dissent.